The action stood continued nisi for advisement; and at the following March term in Suffolk, the Chief Justice delivered the opinion of the Court, to the following effect: —
On the facts agreed in this case we are of opinion, that the territory, on which the offence charged is agreed to have been committed, is the territory of the United States, over which the congress have the exclusive power of legislation. The assent of the commonwealth to the purchase of this territory by the United States, had this condition annexed to it — that civil and criminal process might be served therein by the officers of the commonwealth. This condition was made with a view to prevent the territory * from becoming, a sanctuary for debtors and criminals; and from the subsequent assent of the United Stales to the said condition, evidenced by their making the pur *68 chase, it results that the officers of the commonwealth, in executing such process, act under the authority of the United States. No offences committed within that territory, are committed against the laws of this commonwealth; nor can such offences be punishable by the" courts of the commonwealth, unless the congress of the United States should give to the said courts jurisdiction thereof.
Ashmun for the defendant.
As a consequence of these positions, it is the opinion of the Court, that they have no cognizance of the offences charged in this indictment, and that the defendant must be discharged.
An objection occurred to the minds of some members of the Court, that if the laws of the commonwealth have no force within this territory, the inhabitants thereof cannot exercise any civil or political privileges, under the laws of Massachusetts, within the town of Springfield. We are agreed that such consequence necessarily follows; and we think that no hardship is thereby imposed on those inhabitants; because they are not interested in any elections made within the state, or held to pay any taxes imposed by its authority, nor bound by any of its laws. — And it might be very inconvenient to the United States to have their laborers, artificers, officers, and other persons employed in their service, subjected to the services required by the commonwealth of the inhabitants of the several towns.
It will be noticed, that in this decision we make a distinction between persons who actually dwell within the territory owned by the United States, and the laborers and artificers employed therein, who have their dwelling elsewhere.