## Case No. 15,538.

### UNITED STATES v. KNAPP.

[MS.]

District Court, S. D. New York. Sept. 27, 1849.

FEDERAL JURISDICTION — LARCENY AT MILITARY POSTS—GENERAL VERDICT.

[1. Jurisdiction to legislate over territory ceded by a state to the United States for a military post, as in the case of West Point, N. Y., becomes exclusive by force of the cession alone, and is in no wise impaired by a reservation to the state of a right to send process within the limits of the territory in pursuit of fugitives.]

[2. Therefore a larceny committed at West Point is punishable by the United States courts under the crimes act of 1790, par. 16 (1 Stat. 116).]

[3. On a general verdict of guilty, the evidence will be applied to any sufficient count in the indictment, and the remaining counts will be wholly disregarded.]

[This was an indictment against Frederick Knapp.]

Before BETTS, District Judge.

The prisoner was indicted for stealing several pieces of gold coin and other articles, the property of one Mahon, and the stealing of like articles, the owners of which are unknown. The indictment averred, in four counts, that the offense was committed at West Point, and, in two of them, in a certain building there, called the "Dragoon Barracks." It averred, in one count, that West Point was under the sole and exclusive jurisdiction of the United States; in another, that it was under the jurisdiction of the United States; in the third, that the building was under the sole and exclusive jurisdiction of the United States; and in the fourth, that it was under the jurisdiction of the United States. The testimony proved the money was stolen out of a chest or drawer of Mahon, in the dragoon barracks at West Point, and the jury found the prisoner guilty of the larceny. The cession of West Point, including the locus in quo, was shown from the statutes of New York, with the reservation of a right for process issued by the state authority in civil or criminal cases, to be executed on the tract. A motion to quash the indictment is made, because it is not proved that the place where the offense was committed was under the exclusive jurisdiction of the United States; and because the conviction is general, the United States attorney refusing to elect any count of the indictment under which he claimed any conviction; and

because the evidence did not apply to two of the counts at all.

The main point intended to be raised, as to the authority of the United States, under this grant of jurisdiction, to take cognizance of the offense, is already disposed of by the cases cited. Com. v. Clary, 8 Mass. 72; U. S. v. Davis [Case No. 14,930]; and Story, Const. § 1220. See, also, Whart. Cr. Law, 59. The jurisdiction to legislate over the territory becomes exclusive in the United States by force of the cession, and is no way limited by the reservation on the part of the granting state, or recession to the state by the United States of a privilege to send process in pursuit of fugitives, within its limits. The offence charged in the indictment is accordingly punishable under the crimes act of 1790, par. 16 (1 Stat. 116). There is no legal inconsistency between the counts. The allegation that the place was within the jurisdiction of the United States does not conflict with one that it was under its exclusive jurisdiction. A mere variation or surplusage in the statements and charges does not vitiate an indictment. On a general verdict of guilty the evidence will be applied to any sufficient count in the indictment, and the remaining counts will be wholly disregarded, and judgment will be rendered conformably. Whart. Cr. Law, 618, 619; U. S. v. Furlong, 5 Wheat. [18 U. S.] 184.

The motion in arrest of judgment is accordingly denied, judgment pronounced against the prisoner, and he is sentenced to pay a fine of $50, and be imprisoned three months from the date of the conviction.