STATE OF MAINE

*vs.*

INTOXICATING LIQUORS, and H. A. COBAUGH, treasurer, claimant.

Cumberland. Opinion October 18, 1886.

*Intoxicating liquors. National Soldiers' Home, Togus.*

Intoxicating liquors found in a freight railroad station in Portland, in transit from Portsmouth, N. H., to the National Soldiers' Home. Togus, at which place alone, they were intended for sale by the Home Storekeeper, are not liable to seizure under R. S., c. 27, § 39, *et seq.*

ON exceptions from superior court.

Appeal from the municipal court of the city of Portland. September 23, 1885, one of the constables of the city of

Portland, upon a warrant issued from the municipal court, seized at the freight depot of the Boston and Maine Railroad, Eastern Division, twenty half barrels of lager beer, marked " National Home Store, Togus, Maine."

The warrant, return, libel, monition and claim, were all in due form and seasonably filed.

The lager beer was the property of the National Home for Disabled Volunteer Soldiers, Eastern Branch, having been ordered by the treasurer from the Eldredge Brewing Company of Portsmouth, N. H., and was in transit from Portsmouth to the Home at Togus, Maine, when seized at Portland. It was intended for sale at the Soldiers' Home upon the territory covered by c. 66, public laws of 1867, as hereinafter stated.

Under date of September 30, 1869, the Board of Managers of the Home adopted the following vote :

"Whereas the experiment of an Asylum store has proved a success at the Central Asylum."

"Resolved, that the acting governor be directed to see that similar stores are established at the other two asylums, and that he set apart rooms at the asylum buildings at Milwaukee and Augusta for the purpose, direct the purchase of such goods as the inmates may be likely to need ; appoint storekeepers therefor, and see that the net profits of such stores be used for the increase of the libraries, furnishing of amusement halls and such other purposes as will best conduce to the enjoyment of the men,—provided that the acting governor shall audit the accounts of the stores at each asylum."

Under this vote a store was established at the Eastern Branch upon the territory aforesaid, and known as the "National Home Store." Among other articles kept therein, was lager beer, which was sold to inmates of the Home under rules and regulations established by the governor of the Home and approved by the Board of Managers. The beer in controversy was purchased by the treasurer under the vote aforesaid and was intended for sale in said store, under said vote and regulations, by a storekeeper acting under the directions of the governor and treasurer, the profits to be devoted to the purposes named in said vote.

Upon the foregoing facts, the presiding justice ordered the judgment of said municipal court affirmed. To this ruling the claimants alleged exceptions.

*George M. Seiders,* county attorney, for the State.

It is admitted that these liquors were found within this State and that they were intended for sale at the Soldiers' Home at Togus, Maine. It is violation of law to sell intoxicating liquors at said Togus. U. S. Rev. Stat. sec. 5391. The sale of these liquors at Togus then, would have been a violation of law. Is said Togus within the State? If so, then these liquors were liable to seizure, and should be forfeited.

*H. M. Heath,* for claimants, cited : *Houston* v. *Moore,* 5 Wheat. 27 ; *Com.* v. *Felton,* 101 Mass. 204 ; *Com.* v. *Clary,* 8 Mass. 72 ; *State* v. *Kelly,* 76 Maine, 333 ; R. S., c. 27, §§ 39, 40 ; *State* v. *Gurney,* 37 Maine, 149 ; *State* v. *Robinson,* 39 Maine, 150 ; *U. S.* v. *Paul,* 6 Peters, 141 ; *U. S.* v. *Doulan,* 5 Blatch. C. C. 284 ; *Fox* v. *State of Ohio,* 5 Howard, 438 ; 1 Whar. Cr. Law, § 173 ; U. S. R. S., c. 12, § 711 ; *Slocum* v. *Mayberry,* 2 Wheat. 1.

VIRGIN, J. Intoxicating liquors found in a freight railroad station in Portland in transit from Portsmouth, New Hampshire, to the National Soldiers' Home, Togus, at which place alone they were intended for sale by the Home Storekeeper, are not liable to seizure under R. S., c. 27, §§ 39, *et seq.*

By the terms of the statute such liquors only are liable as are kept and deposited "in the state intended for unlawful sale in the state," § 39, or "in violation of law," § 40. It is the intent of one having the title or authority to sell in violation of law which is to be regarded. *State* v. *Garland,* 63 Maine, 121.

The "Home" where the liquors were intended to be sold is on territory which has been ceded to the United States, over which no jurisdiction whatever is retained by this state save that reserved by St. 1867, c. 66, namely : for the execution of civil and criminal processes, issued under state authority, against persons "charged with offences committed outside of that territory"

which can have no possible application to cases like the one now under examination.

The laws of this state do not reach beyond its own territory and liquors sold in the ceded territory cannot be considered sold in violation of the laws of this state. On the other hand the jurisdiction of the federal courts is exclusive over all crimes or offences committed within such ceded territory. *Houston* v. *Moore,* 5 Wheat. 27; *Com.* v. *Clary,* 8 Mass. 72; *State* v. *Kelley,* 76 Maine, 333.

*Exceptions sustained.*

PETERS, C. J., WALTON, LIBBEY, EMERY and HASKELL, JJ., concurred.