THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. WALTER J. MORRIS, PLAINTIFF IN ERROR.

Submitted December 6, 1907—Decided February 24, 1908.

Where an assault and battery was committed upon lands purchased by the United States with the consent of the state legislature, and jurisdiction of the State of New Jersey in and over such lands was ceded to and vested in the United States by an act of said legislature, and thereafter congress enacted a law for the punishment of such offence—*Held*, that such legislation was an exercise of the power conferred by article 1, section 8 of the federal constitution and is exclusive, and that the state courts have no jurisdiction to try or punish such offence.

On writ of error.

Before Justices VOORHEES and MINTURN.

For the plaintiff in error, *John B. Vreeland,* United States attorney.

For the defendant in error, *Henry M. Nevius,* prosecutor of the pleas.

The opinion of the court was delivered by

VOORHEES, J. This is a writ of error bringing up the record of an indictment for assault and battery and of the

conviction thereon in the Court of Quarter Sessions of the county of Monmouth.

The offence charged in the indictment was committed in the power house located on the military reservation known as Fort Hancock, at Sandy Hook, in said county.

This reservation was purchased by the United States of America from Richard Hartshorn and others in the year 1806. By an act of the legislature of the State of New Jersey, passed in 1804 (*Pamph. L., ch.* 1), it was provided as follows: "That it shall and may be lawful for the government of the United States of America to purchase of the owner or owners all that part of the point of land, in the county of Monmouth, lying on the north side of a line drawn east and west, through the present lighthouse on Sandy Hook, and upon the purchase of the said land the jurisdiction of this state, in and over the same, shall be and the same is hereby ceded to, and vested in the United States of America forever hereafter."

Timely objection was made by the defendant at the trial that the said court had no jurisdiction. It was insisted that under article 1, section 8 of the constitution of the United States exclusive jurisdiction is vested in the federal courts. The ruling of the trial court was adverse to the defendant, and error has been assigned upon it:

The assault was committed upon lands purchased by the United States with the consent of the state legislature, and the jurisdiction of the State of New Jersey was ceded to and vested in the United States of America.

The provision of the federal constitution is as follows:

"The congress shall have power * * * to exercise exclusive legislation in all cases whatsoever over such district (not exceeding ten miles square) as may by cession of particular states and the acceptance of congress, become the seat of the government of the United States, and to exercise like authority over all places purchased by the consent of the legislature of the state in which the same shall be, for the erection of forts, magazines, arsenals, dockyards and other needful buildings, and to make all laws which shall be

necessary and proper for carrying into execution the foregoing powers."

It is well settled that the federal courts have no jurisdiction over crimes, except such as are made cognizable before them by act of congress. Common law criminal offences cannot be punished by the federal courts without federal statutory authority. Whether or not, without such legislation, the authority of the state would remain over the lands ceded or whether offenders upon such reservations would be immune from punishment is not necessary to decide.

Congress has legislated upon this subject and has enacted that "if any offence be committed in any place which has been or may hereafter be ceded to and under the jurisdiction of the United States, which offence is not prohibited, or the punishment thereof is not specially provided for, by any law of the United States, such offence shall be liable to, and receive the same punishment as the laws of the state in which such place is situated, now in force, provide for the like offence when committed within the jurisdiction of such state." *Rev. Stat. U. S.,* § 5391.

When congress exercises the power conferred by the constitution and legislates with reference to lands so purchased and ceded, such legislation by virtue of the federal constitution becomes exclusive. The state court, therefore, was without jurisdiction to try the case. *United States* v. *Cornell,* 2 *Mason* 60; *Fort Leavenworth* v. *L. O. W. E.,* 114 *U. S.* 525; *Benson* v. *United States,* 146 *Id.* 325; *Commonwealth* v. *Clary,* 8 *Mass.* 72; *Chicago, Rock Island and Pacific Railroad Co.* v. *McGlinn,* 114 *U. S.* 542.

This conclusion renders it unnecessary to examine the other assignments of error.

The conviction is reversed.