## UNITED STATES v. WURTZBARGER.

(District Court, D. Oregon. November 14, 1921.)

No. 9453.

Indians ☞38(2)—United States has jurisdiction of offenses committed on site of Indian school.

Under Const. art. 1, § 8, providing that Congress shall have power to exercise exclusive legislation "over all places purchased by the consent of the Legislature of the state in which the same shall be, for the erection of forts * * * and other needful buildings," the United States *held* to have jurisdiction of criminal offenses committed on the site of an Indian school, to the purchase of which by the government the Legislature of the state assented by joint resolution.

Criminal prosecution by the United States against Alma Louise Wurtzbarger. On demurrer to indictment. Overruled.

Lester W. Humphreys, U. S. Atty., of Portland, Or.

Joseph, Haney & Littlefield, of Portland, Or., for defendant.

WOLVERTON, District Judge. The defendant is indicted for murder committed upon the lands and premises occupied by the United States for the maintenance of an Indian school, commonly known as

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the Chemawa Indian School, in Marion county, Or. The defendant has interposed a demurrer to the indictment, whereby its sufficiency is challenged on the ground that there has been no complete cession of the lands upon which the Chemawa Indian School is being maintained to the United States by the state of Oregon, and no congressional acceptance of the same, as required by section 8, art. 1, of the federal Constitution. This is the only question presented for decision.

Under the section alluded to, Congress, among other things, is empowered—

"to exercise exclusive legislation in all cases whatsoever, over such district (not exceeding ten miles square) as may, by cession of particular states, and the acceptance of Congress, become the seat of the government of the United States, and to exercise like authority over all places purchased by the consent of the Legislature of the state in which the same shall be, for the erection of forts, magazines, arsenals, dock yards, and other needful buildings."

The argument of counsel is that, under this clause of the Constitution read in its entirety, there must be both a cession by the state and an acceptance by Congress before the general government can acquire exclusive jurisdiction over the lands involved. The argument, however, overlooks the grammatical construction of the clause, which recites two contingencies under which the general government may acquire exclusive jurisdiction, the latter of which is that Congress shall have power "to exercise like authority over all places purchased by the consent of the Legislature of the state * * * for the erection of forts, magazines, arsenals, dock yards, and other needful buildings." The first of the contingencies relates to the seat of government of the United States, and the second to the acquirement of places for the erection of forts, magazines, and the like. As to these latter, when the title is acquired by purchase by consent of the Legislature of the state, the federal jurisdiction is exclusive of all state authority. "This follows," says the Supreme Court in Ft. Leavenworth R. R. Co. v. Lowe, 114 U. S. 525, 532, 5 Sup. Ct. 995, 29 L. Ed. 264, "from the declaration of the Constitution that Congress shall have 'like authority' over such places as it has over the district which is the seat of government; that is, the power of 'exclusive legislation in all cases whatsoever.'"

This is in accord with previous judicial thought upon the subject. The Attorney General, as far back as June 24, 1854, reviews the authorities upon the subject, among which are United States v. Cornell, 2 Mason, 60, Fed. Cas. No. 14867, Commonwealth v. Clary, 8 Mass. 72, and Mitchell v. Tibbetts, 17 Pick. 298, all of which are cited and discussed in the Ft. Leavenworth R. R. Co. Case, supra, and comes deliberately to the conclusion, and so advised, that a purchase by the general government, by the consent of the state, devolves upon the general government exclusive legislative authority over the domains so purchased. He says:

"The constitutional conditions, be it observed, are two—purchase by the United States, and consent of the Legislature of the state. By that consent, the state voluntarily and knowingly parts with its jurisdiction." 6 Op. Attys. Gen. 577.

See, also, 7 Op. Attys. Gen. 571.

"Purchased by the consent of the Legislature of the state," says the court, in United States v. Cornell, 2 Mason, 60, Fed. Cas. No. 14867, is the condition of the Constitution.  So it is said:

"It is only after the state has parted with its jurisdiction, which may be either by a formal cession thereof to the United States, or simply by assenting to the acquisition of the land by the latter, that Congress becomes invested with authority thus to legislate."  14 Op. Attys. Gen. 557, 559.

A like conclusion has been reached by the District Court of the Western District of Kentucky.  United States v. Tucker (D. C.) 122 Fed. 518.

It will hardly be disputed that "exclusive legislation" signifies exclusive jurisdiction; and, as we have seen, the general government acquires such jurisdiction by purchase and the consent of the state, which, the conditions being performed, vests by declaration of the Constitution.

The consent of the state in the instant case was by Senate concurrent resolution.  The resolution describes certain lands near Forest Grove, in Oregon, but consent is given to the purchase of such lands, or "any other suitable tract that may be selected by the honorable Secretary of the Interior for the permanent location of said school" (Indian training school).  Laws of Oregon 1885, p. 488.  The consent is attended with no conditions whatsoever.

It has been the policy of the general government for many years to establish and maintain training schools and educational institutions for the Indians, who are the wards of the government, and for such purposes it has acquired lands, with appurtenances, upon which to maintain such institutions, and it seems indisputable that they come within the category of "other needful buildings," the language of the clause of the Constitution under discussion.

It needs no citation of authority to prove that a joint resolution, solemnly adopted in accord with approved parliamentary usages, is as effective for giving consent to the purchase as an act of the Legislature.

The demurrer will be overruled.