## Court of Appeals.

March 3, 1896.

## PEOPLE v. JAMES OWENS.

1. EXCISE LAW—EVIDENCE.

The general rules of evidence, applicable to trials in criminal cases, govern an investigation of charges of misdemeanor in offering and exposing for sale strong and spirituous liquors on Sunday.

2. SAME—BURDEN OF PROOF.

In such case, the burden of proof is upon the prosecution, and the defendant is presumed to be innocent until proved guilty beyond a reasonable doubt, and no inference of guilt can be founded upon circumstances except such as naturally or necessarily follow from the facts.

3. SAME.

If the facts and circumstances are of such a character as to fairly permit an inference consistent with innocence, they cannot be regarded as evidence to support a conviction.

**4. SAME—CIRCUMSTANTIAL EVIDENCE.**

Where the evidence, in criminal cases, is circumstantial, the fact shown must not only be inconsistent with, and point to, the guilt of the defendant, but must be inconsistent with his innocence.

**5. APPEAL—APPELLATE COURT.**

Where the trial court certifies to the appellate court that a reasonable doubt exists as to whether the judgment should stand, and the doubt rests upon the value of the evidence in support of the charge, it is the duty of the latter court to discharge the defendant, if such doubts exist at the close of the proofs before judgment.

**6. SAME—CIRCUMSTANTIAL EVIDENCE.**

Though facts and circumstances proved in support of the charge are suspicious, no one has the right to say that they are inconsistent with innocence where any or all of them can exist without the commission of the offense with which the defendant is charged.

Appeal by people from judgment of general term, reversing conviction for violating excise law.

John D. Lindsay, Asst. Dist. Atty., for the People.

Emmanuel M. Friend and Charles Cohn, for respondent.

O'BRIEN, J.—The defendant was convicted in the court of special sessions of the city of New York upon a complaint charging him with a misdemeanor in offering and exposing for sale strong and spirituous liquors on a Sunday, in violation of the provisions of the excise law. The statute enacts that any "person who, whether having a license or not, shall sell, or offer or expose for sale, or give away any strong or spirituous liquors, wines, ale or beer: 1. On Sunday, * * * shall be guilty of a misdemeanor." The trial was had before the court, composed of three members, without a jury. The defendant was convicted by the majority of the members of the court, one of the justices dissenting. The court made a certificate to the effect that, in its opinion, there was reasonable doubt whether the conviction should stand, and the case was taken upon appeal to the general term of the supreme court, where the conviction was reversed for errors of law, and not for errors of fact, nor as a matter of discretion, and a new trial granted. The only question presented is whether the

judgment of conviction is supported by evidence. The only witness sworn was a policeman, who testified that on Sunday June 30, 1895, he went to the defendant's place of business, and, finding the door locked, entered through a window. He found the defendant behind the bar, in his shirt sleeves, and with a bartender's apron on. Three other men were in the room in front of the bar, but none of them were sworn. There were two glasses on the bar, with a small quantity of liquid in them, but the witness was unable to state what it was, and it was not described as to color or otherwise, so as to enable the court to make any finding as to its character. There were also in what witness calls a " back bar " bottles which were labeled as containing whiskey and brandy, with glasses and the other furniture of a saloon. The witness saw nothing delivered to any one, and saw no one drinking, and, so far as appears, the defendant did nothing but stand behind the front bar. He was unable to state what the contents of the bottles were in fact, or that the defendant was engaged in selling anything, or offering or exposing anything for sale. There was, of course, evidence enough to warrant the inference that the place was a saloon, and that the defendant was engaged in the general business of attending bar and selling liquors. But that was not the precise question involved. So far as appears the defendant had a license, and had the right to carry on the general business of selling strong and spirituous liquors. The charge was that he was so engaged on a prohibited day, and hence the general character and surroundings of the place, and the presence of the bottles, glasses and other accompaniments of the business, could not warrant any such inferences as might be drawn on the trial of a charge for selling without a license. The general rules of evidence applicable to trials in criminal cases govern in the investigation of charges of this character. The burden of proof is upon the prosecution. The defendant is presumed to be innocent until proved guilty beyond a reasonable doubt, and no inference of guilt can be founded upon circumstances except such as naturally or necessarily follow from the facts. If the facts and circumstances are of such a character as to fairly permit an inference consistent with innocence, they cannot be regarded as evidence to support a conviction. The general rule in criminal

cases is that, where the evidence is circumstantial, the facts shown must not only be consistent with and point to the guilt of the defendant, but must be inconsistent with his innocence. People v. Bennett, 49 N. Y. 137. The only proof in this case consisted in the appearances which the policeman observed after he entered the saloon. It was a matter of pure conjecture whether the small amount of liquid in the glasses upon the bar was intoxicating, or of such a character as is prohibited from sale by the statute. The conclusion that it was may be a natural instinct of the mind, but cannot be said to be the result of legal evidence, which is the only basis for a judgment in the investigation of a criminal charge. The court that tried and convicted the defendant has certified that there was a reasonable doubt as to whether its judgment should stand, and, since that doubt could have arisen only with respect to the value of the evidence in support of the charge against the defendant, he should have been discharged if such a doubt as to the facts existed in their minds at the close of the proofs and before judgment. The facts and circumstances proved in support of the charge were suspicious, but suspicion is not proof, and no one had the right to say that they were inconsistent with innocence, since any or all of them could exist without the commission of the offense with which the defendant was charged. The judgment of the general term reversing the conviction must therefore be affirmed.

All concur.

Judgment affirmed.