(18 Misc. Rep. 498.)

### In re JOHNSON.

(Supreme Court, Special Term, Niagara County.    November, 1896.)

1. INTOXICATING LIQUORS—TAX CERTIFICATE—SURRENDER AND REFUND.
    After proceedings are commenced to revoke a liquor-tax certificate, under Laws 1896, c. 112, § 28, providing that on revocation all rights of the holder to rebate thereon shall cease, the certificate holder cannot avail himself of the provisions of section 25, authorizing the holder of a certificate to surrender it and obtain a rebate for the unexpired term.

2. SAME—REVOCATION OF TAX CERTIFICATE.
    The court may, in its discretion, refuse to revoke a liquor-tax certificate on the ground that the holder is not entitled to hold it (Laws 1896, c. 112, § 28), where revocation is asked because the holder failed to file with his application for the certificate the consents of the requisite number of property owners, but filed the required consents after the proceeding to revoke was commenced.

Application by Catharine Johnson for an order revoking a liquor-tax certificate issued to Louis F. Mayle.    Denied.

Aaron Fybush, for petitioner.
Franklin J. Mackenna and W. Caryl Ely, for licensee, Louis F. Mayle, and Canavan & Clary, transferees.

LAUGHLIN, J.    It appears by the evidence taken before the referee appointed by the court in this proceeding that on July 1, 1896, Louis F. Mayle presented to the county treasurer of Niagara county an application, in the form and manner required by section 17 of the excise law (Laws 1896, c. 112), for a liquor-tax certificate to carry on business at the premises known as the "State Park Hotel," in the city of Niagara Falls.    He filed simultaneously with this statement certain consents of owners of occupied property, under subdivision 8 of that section.    The liquor-tax certificate was thereupon issued to him.

It is evident that he acted in good faith, and believed that he had obtained the necessary consents of two-thirds of the owners of occupied property within 200 feet of the premises in question, but, as a matter of fact, he had procured only one-half of such consents. After the petitioner applied to the court for an order canceling the certificate, and served notice upon Mayle, the latter obtained, and filed with the county treasurer, the consent of another property owner, which would make the necessary two-thirds consents, provided the consent thus obtained after the certificate was issued, and after proceedings had been commenced in court, can be counted for the benefit of the holder of the certificate. It appears that those who gave their consents originally still favor the application, and have in no manner attempted to withdraw or revoke their consents. If the liquor-tax certificate be now canceled, Mayle will, by the express terms of section 28 of the liquor law, be obliged to forfeit the moneys heretofore paid for his license to carry on the business until next July, notwithstanding the fact that, with the necessary consents, he can at once obtain a new liquor-tax certificate. He would not be aided, as contended by his counsel upon the argument, by the provisions of section 25, authorizing the holder of such a certificate to surrender the same up, and obtain a rebate on account of the unexpired term of the certificate. The validity of this liquor-tax certificate being now before the court, the county treasurer has no authority to accept its surrender, and refund the pro rata amount of the tax paid for the unexpired period. Under these circumstances, equity forbids the cancellation of the liquor-tax certificate, unless the law leaves no alternative. The statute authorizing the application provides that at any time after a liquor-tax certificate has been issued a petition may be presented to a justice or special term of the supreme court "for an order revoking and canceling such certificate, upon the ground that material statements in the application of the holder of such certificate were false, or that he is not entitled to hold such certificate." The statute provides with respect to the power and duty of the court on such an application, and after the evidence has been taken before the court or a referee, as follows:

"If the justice or court is satisfied that material statements in the application of the holder of such certificate were false or that the holder of such certificate is not entitled to hold such certificate, an order shall be granted revoking and canceling such certificate. The decision of such justice or court shall be final and conclusive and no appeal therefrom shall be had or taken. * * * Costs upon such proceedings may be awarded in favor of and against any party thereto, in sums as in the discretion of the justice or court before which the petition is heard may seem proper."

The evidence fails to show that any material fact stated in the application was untrue. The law does not require the applicant to state in his application that he has obtained the necessary consents of property owners, but merely requires that such consents shall be filed simultaneously with the statement or application. It has been seen that the only other ground on which the certificate can be canceled is "that the holder of such certificate is not entitled to hold" the same. It is evident that the legislature intended that the certificate should be canceled if any material statements in the application were false. If

all such material statements were true, however, and the applicant, through mistake or excusable neglect, has failed to comply with the provision requiring the filing simultaneously with his application of the consents of property owners, but has subsequently obtained and filed such consents, the court is authorized to exercise its equitable discretion, and decline to cancel the liquor-tax certificate.

· At the time the petitioner applied to the court the licensee had no right to hold the certificate, and the court subsequently saw fit to order a reference to determine whether the respondent had a right to hold the certificate at the time it was issued, or afterwards perfected such right. The expense of this reference has been borne by the petitioner, · and it was rendered necessary through the neglect of the licensee. Equity, therefore, requires that he should pay the costs. The petitioner is awarded the sum of $125 for her costs and disbursements herein, against the respondent Louis F. Mayle, and an order may be entered accordingly, and dismissing the petition.

Ordered accordingly.