(18 Misc. Rep. 604.)

### HERMAN et al. v. GOODSON et al.

### In re COHEN.

(City Court of New York, General Term. December 12, 1896.)

LIQUOR TAX CERTIFICATE—COLLATERAL ATTACK OF ASSIGNMENT.
    A receiver of a judgment debtor cannot collaterally attack an assignment of a liquor tax certificate, made by the debtor before the judgment, as such assignment is authorized by Laws 1896, c. 112, § 27.

Appeal from special term.

Proceeding by the S. Liebman Brewing Company against W. Harry Cohen to compel him to surrender to the brewing company a license tax certificate which had been assigned to it by Barris M. Goodson, and which Cohen had taken possession of as receiver of Goodson in supplementary proceedings. From an order directing such surrender, the judgment creditors appeal. Affirmed.

Argued before FITZSIMONS and O'DWYER, JJ.

W. O. Campbell, for appellants.
S. W. Hoff, for respondents.

FITZSIMONS, J. The defendant and judgment debtor herein, desiring, prior to the judgment herein, to carry on a saloon business in this city, applied to and received from the proper authority a license to carry on such business. The license fee of $800 was loaned him by the S. Liebman Sons Brewing Company, and it received from him an assignment of such license. The deputy excise commissioner, upon receipt of said $800, and it having been established to his satisfaction that Goodson was a proper person to re-

ceive such license, issued to him a receipt for said license fee, which empowered said Goodson to carry on said saloon business until a license was issued to him, and the assignment herein referred to was made prior to the issuance of the said license. The judgment herein was obtained against the said Goodson. The receiver herein was appointed, and he received from the judgment debtor the liquor tax certificate, and he then applied to the excise commissioner for the rebate moneys due to the judgment debtor on the unexpired coupons on said certificate, just as if the judgment debtor had presented same for surrender and cancellation, as allowed him by the excise law of 1896. Because of such action of the receiver, an order to show cause was granted herein, and an order thereon was made requiring the said receiver to surrender to the brewing company the said certificate, because of the assignment of the same to the said company. From said order this appeal is taken.

The order appealed from, in our judgment, was a proper one. Chapter 112 of the Laws of 1896 permits an assignment of the liquor tax certificate in question to be made. If the receiver desires to question the legality of such transfer, he should do so by the usual action to set the same aside, and not attack it collaterally, or regard it as a nullity, as he has endeavored to do in this instance. Such assignment must stand until it is duly set aside by a competent tribunal, and by lawful means; not arbitrarily, and by mere physical force.

The order appealed from must be affirmed, with costs.

O'DWYER, J., concurs.