(19 Misc. Rep. 96.)

## NILES v. MATHUSA.

(Albany County Court. January, 1897.)

INTOXICATING LIQUORS—ASSIGNMENT OF CERTIFICATE.
  The assignment of a license tax certificate to secure the repayment of money borrowed to pay the tax is valid as against judgment creditors of the licensee.

Application by Nathaniel Niles for the appointment of a receiver for Martin Mathusa. The Hinckel Brewing Company intervened, claiming certain assets under an assignment. Judgment for intervener.

Henry A. Peckham, for plaintiff.
Scherer & Downs, for intervener.

GREGORY, J. This is a motion for the appointment of a receiver in supplementary proceedings of the defendant's property. The defendant is a saloon keeper in the city of Albany, and duly obtained a license from the state of New York, in compliance with the liquor tax law, to sell liquor, etc. In order to obtain this license, he borrowed the money necessary therefor from the Hinckel Brewing Company, and on June 6, 1896, executed and delivered to the brewing company the following instrument in writing:

"I hereby agree to assign, transfer, and set over to the Hinckel Brewing Company, on demand, license No. 13,795, taken out in my name, for and in consideration of the sum of $283.33, loaned to me for the purpose of purchasing said license, to be the property of the Hinckel Brewing Company; and, until the said sum of $283.33 is paid in full, the license is the property of said company."

The brewing company intervenes upon this motion, and insists that, if a receiver of the defendant's property be appointed, the defendant should be ordered or permitted to transfer or assign the liquor tax certificate to it, and that the injunction issued in the supplementary proceedings be modified to that extent. The plaintiff objects to this, and claims that the title or rights under the liquor tax certificate should be transferred to the receiver, taking the ground that the instrument executed by the defendant to the brew-

ing company is merely an agreement by way of collateral security, and, there having been no change of position of the mortgaged or assigned property, the agreement is void under the law relating to chattel mortgages. I cannot agree with this proposition. The liquor tax certificate is, in my opinion, a chose in action capable of assignment. It is the evidence of a right to do certain things under the statute, and it has a definite and fixed value on the 1st day of each month prior to its expiration. Laws 1896, c. 112, § 25.

It has been well settled in this state that a debt or chose in action may be transferred or assigned, either by parol or writing. "It matters not that the agreement on which the plaintiff relied was by parol, and not in writing. The agreement was founded upon an adequate consideration, and is just as valid and effectual as if made in writing. Risley v. Bank, 83 N. Y. 318–328. Not only can a chose in action be assigned by parol, but a lien upon it can be created by parol." Williams v. Ingersoll, 89 N. Y. 508–521. The question here involved has, to a certain extent, been considered in at least two cases very recently, in each of which it has been held that an assignment of a liquor tax certificate to one who advances the money for the purchase of the same is paramount and prior to the claim of a judgment creditor. Herman v. Goodson, 18 Misc. Rep. 604, 42 N. Y. Supp. 609; In re Jenney (Hiscock, J., special term, at Syracuse,) 44 N. Y. Supp. 84.

Let an order be entered appointing a receiver of defendant's property, and modifying the injunction order heretofore granted so as to permit the defendant to transfer and deliver the liquor tax certificate in question to the Hinckel Brewing Company. Ordered accordingly.