(22 Misc. Rep. 301.)

## In re BRADLEY.

(Supreme Court, Special Term, Monroe County.    January, 1898.)

LIQUOR TAX CERTIFICATE—ASSIGNMENT—REVOCATION.
    A liquor tax certificate may be revoked under Laws 1897, c. 312, § 28, subd. 2, where the persons to whom it was issued violated the liquor tax law while running the business, after an assignment of the certificate as authorized by section 27.

Proceeding by Alfred B. Bradley for an order to revoke a liquor tax certificate issued to William E. Hall and another.    Granted.

Charles F. Bostwick, for petitioner.
Louis H. Jack, for respondents.

DUNWELL, J.    Proceeding for an order to revoke and cancel a liquor tax certificate under subdivision 2, § 28, of the liquor tax law (Laws 1897, c. 312).    The certificate in question, No. 13,517, was issued May 1, 1897, to William E. Hall and Maurice J. Scollard, composing the partnership of Hall & Scollard, authorizing the sale of liquors under subdivision 1, § 11, of the liquor tax law.    On the 4th day of August, 1897, the petitioner, Alfred B. Bradley, entered complaint with the department of excise that Hall & Scollard were violating the liquor tax law.    This proceeding was brought into this court by said Alfred B. Bradley upon a petition alleging that said Hall & Scollard had in one of the rooms in which the traffic in liquors was carried on by them under said certificate an inclosed box or stall, which prevented a full view of the entire room in which they sold liquors by persons therein, in violation of subdivision "h" of section 31 of the liquor tax law of the state of New York, which reads as follows: "And it shall be unlawful to have at any time in a room where liquors are sold any inclosed box or stall, or any obstruction which prevents a full view of the entire room by every person present therein."    Also that said Hall & Scollard unlawfully permitted one John McKeough, who had been convicted of a felony, to sell and serve liquors upon said premises, contrary to subdivision "f" of section 31 of the liquor tax law, which reads as follows: "And it shall be unlawful to knowingly permit any person who has been convicted of a felony to sell or serve any liquor upon the premises."    A referee was appointed upon the presentation of the petition to take the evidence relating to these charges.    The petitioner appeared before the referee by his attorney, Charles E. Bostwick, Esq., and Hall & Scollard and Stephen Rauber, assignee of said liquor tax certificate, by their attorney, Louis H. Jack, Esq.    It was conceded upon the hearing that Hall & Scollard sold liquors under said certificate at their place of business, No. 22 Front street, city of Rochester, N. Y., from the date it was issued, May 1, 1897, to August

18, 1897. The alleged violation took place between these dates. The evidence upon the hearing before the referee clearly established that Hall & Scollard did maintain at all times during the period they sold liquors under said certificate at their place of business, in a room where liquors were sold, an inclosed stall and obstruction formed by curtains suspended from wires overhead, which prevented a full view of the entire room by persons present therein, in violation of subdivision "h" of section 31 of the liquor tax law. The evidence also establishes that said Hall & Scollard unlawfully permitted said John McKeough, a person who had been convicted of a felony, as was well known to said Hall & Scollard, to sell and serve liquor upon said premises during the occupancy thereof by said Hall & Scollard, and while they were engaged in the business of selling liquors upon said premises under said certificate, in violation of the provisions of subdivision "f" of section 31 of said liquor tax law. As to Hall & Scollard, it is not seriously contended but that the certificate is revocable as to them upon the alleged violation being established. But Rauber, who took an assignment of the certificate from Hall & Scollard almost immediately after it was issued to them, alleges that by his assignment, which is permitted by law, he acquired property rights in the certificate of which he cannot be deprived by the wrongful acts of Hall & Scollard. Section 27, which authorizes the assignment, provides that the assignee, upon proper application, security, etc., and upon obtaining a proper indorsement thereon by the officer who issued the certificate, may carry on the business at the same place. By section 25 the holder of such a certificate may surrender the same upon ceasing to traffic in liquors, and obtain a rebate thereon for the unexpired term. Thus it is seen that by a proper assignment rights may be acquired having a definite pecuniary value. The purchaser may employ the certificate to carry on the liquor business, or may convert it into money by a surrender of the certificate and acceptance of the rebate. But it must not be lost sight of that the liquor tax certificate is, after all, in the nature of a license granted by a law enacted under the police power of the legislature. People v. Murray, 149 N. Y. 367, 44 N. E. 146. A prominent feature of the law is its restriction upon the traffic. In this case the assignee permitted Hall & Scollard to hold the certificate, and carry on their business thereunder, after the assignment to him, and until the violation aforesaid was committed, without in any manner making it known that a change in the ownership thereof had taken place, and without taking any of the steps, subsequent to assignment, necessary to reduce the certificate to his personal control, or to realize the property value therein. In all probability he intended that Hall & Scollard should hold the certificate so long as they remained customers of his company, during the term for which it was granted, unless for some cause they should go out of business. By taking this course, the assignee of the certificate permitted Hall & Scollard, to whom it was issued, to remain the possessors and holders thereof, and carry on the liquor business by means thereof. He thereby subjected the certificate to all risks that might attach to it from a violation of the law by them; otherwise, the whole scheme of the statute

providing for a revocation of the certificate for violations could be evaded by a process the simplicity of which would lead to frequent, if not universal, resort thereto.    Being satisfied that Hall & Scollard are guilty of the violation of the liquor tax law aforesaid in permitting said McKeough to sell liquors upon their said premises licensed by said liquor tax certificate after knowledge on their part that he had been convicted of a felony, and in maintaining said stalls and obstructions, preventing a full view of the entire room where liquors were sold by persons present therein, and consequently that said Hall & Scollard are not entitled to hold such certificate, the order asked for in the petition is granted, revoking and canceling such certificate, with a provision that the holder of said liquor tax certificate, and any person having such certificate in his possession or control, shall forthwith surrender said certificate to the officer who issued the same, or his successor in office.    Costs to the amount of $70 are allowed against the three defendants, Hall, Scollard, and Rauber.

Ordered accordingly.