PEOPLE ex rel. MILLER v. LYMAN, State Commissioner of Excise.

(Supreme Court, Appellate Division, Fourth Department. March 26, 1898.)

INTOXICATING LIQUORS—SURRENDER OF CERTIFICATE—REBATE.

    Relator advanced money for a liquor tax certificate issued to a firm, which was assigned to him as security, as allowed by Laws 1896, c. 112, § 27. Afterwards relator surrendered the certificate to the excise commissioner, and was issued receipts for the amount of rebate, payable in 30 days (section 25). Thereafter, and within 30 days, one of the firm was arrested for violating the above statute, which, under the statute, forfeited the right to rebate. *Held*, that the violation of the law by the pledgor deprived relator of his right to the rebate.

Appeal from special term.

Motion for peremptory writ of mandamus by the people, on relation of Edwin G. S. Miller, against Henry H. Lyman, as state commissioner of excise of the state of New York, to require defendant to issue orders for the payment of $416.67 on account of the surrender of a liquor tax certificate issued to the relator's assignors. From an order of a special term granting the writ, defendant appeals. Reversed.

John G. Floss and Henry Stauber were partners, under the firm name of Floss & Stauber, and engaged in the business of selling liquors at 359 Washington street, Buffalo. April 30, 1897, they executed an instrument to Edwin G. S. Miller, wherein it is recited that they had applied for a liquor tax certificate, and that Miller had advanced money wherewith to pay for it, and that. in consideration thereof, they assigned to him the certificate, with the right to collect all sums that might be due thereon upon its surrender. May 1, 1897, a liquor tax certificate, No. 11,985, was issued to Floss & Stauber, authorizing them to sell liquors at 359 Washington street, Buffalo, for which they paid $500. July 1, 1897, Floss & Stauber, through Miller, applied to the deputy commissioner of excise for Erie county for leave to surrender the tax certificate and have the proportionate part—five-sixths, $416.67—of the amount paid for the certificate refunded, and on that day he issued the duplicate receipts provided for by the twenty-fifth section of the liquor tax law. July 19, 1897, Henry Stauber was indicted in Erie county for having on July 11, 1897, violated the liquor tax law. July 21, 1897, he was arrested, and July 29th he was arraigned on the indictment and pleaded not guilty. When this proceeding was begun, December 17, 1897, Stauber had not been tried on the indictment.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

Royal R. Scott, for appellant.
Tracy C. Becker, for respondent.

FOLLETT, J. But a single question is presented on this appeal. In case a liquor tax certificate, issued to a firm and assigned as security for a loan, is surrendered, and a rebate tax certificate issued to the assignee, does the violation of the liquor tax law by one of the firm within 30 days thereafter, and before the rebate becomes due and payable, deprive the assignee of the right to the rebate?

Two kinds of assignments of liquor tax certificates are authorized: (1) An absolute sale of a certificate, as provided for by the twenty-seventh section of the act (Laws 1896, c. 112), which authorizes the assignee to carry on the business which his assignor was authorized to carry on, provided the assignee makes a new application, gives a bond, and the assignment is approved by the officer who issued the tax certificate. (2) An assignment of a certificate as collateral security (People v. Durante, 19 App. Div. 292, 45 N. Y. Supp. 1073; Niles v. Nathusa, 20 App. Div. 483, 47 N. Y. Supp. 38; Koehler v. Flebbe, 21 App. Div. 2, 10, 47 N. Y. Supp. 369) under which the assignee is not authorized to carry on the business in the place of the person to whom the certificate was issued, who continues to carry it on in the same manner as before the assignment was made. The assignment in the case at bar is the second kind.

The right of a person under a certificate is prescribed by the statute under which it is issued, and whoever acquires an interest therein takes it subject to the provisions of the statute, among which provisions is one that, if a person to whom a certificate is issued is adjudged to have violated the statute, the certificate becomes null and void, and all right to surrender the same and receive the rebate is lost. No exception is made in favor of an assignee, who takes the certificate subject to all the restrictions and conditions of the statute. By the twenty-fifth section it is provided that in case a certificate is surrendered, and a rebate tax receipt is issued, and within 30 days thereafter the person to whom the tax certificate was issued violates the provisions of the act, all right to the rebate is forfeited; and it is further provided by the same section that, in case a prosecution is begun within 30 days, the right to the rebate shall be suspended until the prosecution is determined, and if decided in favor of the licensee, the rebate is to be paid, but if against him, the right is lost.

It cannot, I think, be successfully contended that in case a certificate is issued to a firm, and one member is adjudged guilty of violating the statute, the certificate remains valid in the hands of the firm, and it has a right to the rebate. Were this the rule, one member of a firm could violate the statute at will, and, so long as both did not, the right of the firm to the certificate and rebate would be perfect, and the object of the statute, which is to secure an observance of the law, would be defeated. Such was not the purpose of the statute. Violations of the law by a member of a firm have the same effect on the certificate, and upon the right to receive payment on rebate receipts, as violations by all the partners; and it makes no difference whether such violations are committed before, or within 30 days after, the certificate is surrendered and the rebate receipt given. In either case the right of the firm to the rebate is gone, as is also the right of an assignee, who takes his assignment

with notice of all the provisions of the statute; and he is not protected by the fact that he has not personally violated the statute.

The order is reversed, with costs, and the writ dismissed, with $50 costs. All concur.