Action by Jacob V. Williams against Wesley J. Wheeler. From a judgment of the Suffolk county court affirming a judgment of a justice of the peace, defendant appeals. Modified.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Elliot J. Smith, for appellant.

George W. Weeks, Jr., for respondent.

---

(26 Misc. Rep. 611.)

In re FALL.

(Supreme Court, Special Term, New York County. March, 1899.)

INTOXICANTS—TAX CERTIFICATE—FALSE STATEMENTS—REVOCATION.
Under Laws 1896, c. 112, § 28, subd. 2, as amended by Laws 1897, c. 312, authorizing any citizen to petition for an order canceling a liquor tax certificate because material statements in the application of the holder were false, and requiring the court, if they are false, to cancel the certificate, a false statement authorizes the petition, and requires revocation, whether made intentionally or not.

Application by Patrick C. Fall for the revocation of the liquor tax certificate of Patrick Meehan. Application granted.

C. C. Leeds, for the motion.

E. C. Baldwin, opposed.

GILDERSLEEVE, J. This is an application, under subdivision 2, § 28, c. 112, Laws 1896, as amended by chapter 312, Laws 1897, to revoke and cancel a liquor tax certificate issued to one Patrick Meehan. The statute provides that any citizen of the state may petition this court for an order canceling a certificate on the ground that material statements in the application of the holder were false, etc., and that, if the court is satisfied that material statements in the application of the holder of the certificate were false, an order shall be granted revoking and canceling such certificate. In the present case it appears from the sworn statements of the holder, Meehan, in his application, that he represented himself as the only person interested, or to become interested, in the business under the certificate applied

for. Subsequently, and after the certificate had been issued to him upon such application and the statements therein made, he swore, in supplementary proceedings, that his brother was the only person interested in the said business, and that he, the holder of the certificate, had never had any interest in the business beyond receiving his salary as a barkeeper for his brother. Voluminous testimony was taken before a referee upon this application to revoke the license, and an effort was made to explain away the statements made in the examination on supplementary proceedings. The question is not whether Meehan intentionally made a false statement in his application for the certificate with a purpose of deceiving the excise authorities, but simply whether or not material statements in the application were false. Section 17 of the statute provides, in subdivision 1, that the application must contain a statement of the name and residence of every person interested, or to become interested, in the traffic of liquors for which the statement is made. The appellate division of this department, in the case of People v. Hilliard, 28 App. Div. 140, 50 N. Y. Supp. 909, held that the right of an applicant to a liquor tax certificate is made to depend altogether upon the statements contained in his application therefor, and that the officer has no discretionary power in the matter. Both Meehan and his brother, on examination in the supplementary proceedings, swear that the brother, and not Meehan, was the person interested in the business. The counsel for the holder, Meehan, however, maintains that, owing to the testimony taken before the referee, it is not established, beyond a reasonable doubt, that Meehan was guilty of false representations, and that, therefore, he should be given the benefit of the doubt, and this application denied. In support of this contention he quotes the case of People v. Owens, 148 N. Y. 648, 43 N. E. 71. That, however, was a case in which Owens had been convicted in a criminal court of selling liquor on Sunday, and the court of appeals held that the general rules of evidence applicable to criminal cases governed that case. Here Meehan is not on trial for a criminal offense; and, as I have above pointed out, the only question to be determined is whether his said statement in his application for the certificate was, in point of fact, false. Whether he intentionally, and with a view to deceive, made false representations to the excise authorities, is a question which I am not called upon to decide. It seems to me that under the evidence presented I must hold that the statement made to the excise officer upon the application for the certificate, to the effect that Meehan was the only person interested or to become interested in the business was false, and that this application for the cancellation of the certificate must be granted. Whatever may have been the motives by which the petitioner, Fall, has been actuated in instituting these proceedings, it is the duty of the court to comply with the requirements of the statute, without regard to any feelings of rancor and spite between the parties. The application is granted.

Application granted.