(30 Misc. Rep. 543.)

SCALZO v. SACKETT, County Treasurer.

(Supreme Court, Special Term, St. Lawrence County. February, 1900.)

INTOXICATING-LIQUORS—REFUNDING LICENSE TAX—FAILURE TO FURNISH BOND.
     Where plaintiff, after paying a liquor license tax, as required by law, was refused a certificate to engage in the business, because of his failure to file a proper application, and give the required bond, he cannot recover the amount of the tax so paid.

Action by Casper Scalzo against Martin R. Sackett, treasurer of the county of St. Lawrence. Judgment for defendant.

Watson B. Berry, for plaintiff.
William E. Schenck, for defendant.

RUSSELL, J. The plaintiff seeks to recover $58.34, money deposited with the county treasurer of St. Lawrence county for a

liquor tax certificate to run from the 1st of October, 1898, to the 1st day of May, 1899, to be used for trafficking in liquors to be drunk on the premises in the town of Potsdam, in such county. The money was deposited on the 15th day of December, 1898, and the plaintiff trafficked in liquors at various times from the 1st of October, 1898, to the 1st of May, 1899. No liquor tax certificate was given by the county treasurer, because no bond was filed, and the application was found to be defective. The plaintiff claims that he paid for protection in conducting the business that he transacted, and received none. The defendant insists that the plaintiff assumed to use the privilege of dealing in liquors, and, if he did not receive full protection, such failure was owing to his own negligence, and that he could not recover back the money he deposited, because he did not receive the certificate, on account of his own default. Passing by the preliminary difficulty that this action is in form brought against the defendant in his official capacity, that he has ceased to be county treasurer, and has properly passed over to the state and the town of Potsdam the moneys received from the plaintiff, the inquiry remains as to the right to recover from any one. Much thought has been given by counsel in the briefs presented to the consideration of the question whether the sum paid by those receiving liquor tax certificates is a tax or license immunity. It is, however, quite evident that, not being a tax in the sense of an assessment upon citizens for the support of the government which protects their persons and property, it is yet imposed upon a class as a contribution from them to aid the government for those expenditures which the business they are privileged to conduct may entail upon the public generally as a portion of the causes which lead to pauperism and crime. It is, therefore, in substance, a tax upon a special character of business, the payment of which privileges the conduct of the business; and the liquor tax certificate is simply the evidence of that privilege, although it may be transferable, and valuable as property, the same as a promissory note which evidences the debt forming the consideration. When this tax is paid as the consideration of conducting the business itself, it may not be recovered back without such meritorious ground for relief as shall cover no wrong or default of the person paying. If he had received the certificate, and thereafter violated the terms upon which it was issued by infractions of law, so that the certificate was thereafter canceled, he could certainly not recover back the money paid, for there is an implied contract to obey the law upon which this certificate was issued to him. When he pays, there is also an implied condition that he will otherwise comply with the law in furnishing the security required and the proper application. He cannot refuse to go on and fulfill the requirements exacted of him, while at the same time assuming to conduct the business and enjoying its emoluments, and then allege his own default as a meritorious reason for recovering back the money which he paid to the state and town. Nor will his exposure to civil or criminal penalties, occasioned solely by his own conduct, fortify his claim for recovery of the sum paid. This view seems to have prevailed in the supreme court of Michigan

in a case where the plaintiff sued to recover $300 and interest for a liquor tax, where the bond required by law to be given was not approved by the township board, and where the plaintiff continued the business of selling liquors until convicted of a violation of law. Curry v. Township of Tawas, 81 Mich. 355, 45 N. W. 831.

Judgment for defendant, with costs.