(30 Misc. Rep. 663.)

### In re HARPER.

(Supreme Court, Special Term, New York County. March, 1900.)

1. INTOXICATING LIQUORS—REVOCATION OF TAX CERTIFICATE—FALSE STATEMENTS IN APPLICATION—GOOD FAITH.

Under Liquor Tax Law (Laws 1896, c. 112) § 28, subd. 2, providing for the revocation of a liquor tax certificate upon a showing that material statements in the application of the holder of a certificate are false, a certificate may be revoked because of the falsity of the statement that there are no buildings exclusively occupied as dwellings within 200 feet of the place where liquor is to be sold, although the statement was made in good faith.

2. SAME—BOARDING HOUSE NOT A HOTEL.

A boarding house is not a hotel, within the provisions of the liquor tax law (Laws 1896, c. 112) providing that the requirement in regard to obtaining the consent of the owners of dwelling houses located within 200 feet of a place where the proposed traffic is to be carried on shall not apply where the dwelling so situated is occupied as a hotel.

Application of James Harper for an order revoking and canceling the liquor tax certificate granted to Julius Keller. Application sustained.

Ritch, Woodford, Bovee & Wallace, for petitioner.

FITZGERALD, J. This application is made under subdivision 2 of section 28 of the liquor tax law (chapter 112, Laws 1896) to can-

cel the certificate of Julius Keller at No. 128 East Twenty-Eighth street on the ground of false material statements in his application, on faith of which the certificate was issued. The application contained the statement that within the 200-foot limit specified in the statute there were no buildings exclusively occupied as dwellings, and the consents of owners, which are required by the law to be annexed to the application, in case there are such buildings within the limit, were lacking from this application. · Respondent's answer to the allegation of the petition is:    First, that the application stated the truth; second, that it was made in good faith; and, third, that, in any event, the premises were, prior to March 23, 1896, and on that day, and ever since, occupied as a hotel. These issues were sent to a referee to take the evidence, and report to the court. The· referee has filed his report, and the proceeding is before me under the practice prescribed in section 28, subd. 2, of the liquor tax law, to determine upon the evidence. It was conceded upon the argument that there were buildings occupied as dwellings within the 200-foot limit specified by the statute, and that the statement of Keller to the contrary in his application was false. It was insisted, however, that Keller acted in good faith in making this statement. Whether he did or not is immaterial if the statement itself is untrue. This brings us to a consideration of respondent's other defense, which raised the issue that the premises were a hotel on and after March 23, 1896. Section 17, subd. 8, of the liquor tax law provides, inter alia, that consents·shall not be required for any place described in said statements which was occupied as a hotel on the 23d of March, 1896, notwithstanding that traffic in liquors was not then carried on thereat. Section 31 of the same act defines the term "hotel" as used therein. Without going into a discussion of the voluminous evidence taken· before the referee, I am of opinion that the respondent has failed to establish his contention that the premises in question were occupied as a hotel on or before March 23, 1896; that, on the contrary, the place was merely a boarding house; and for the reason that the certificate was issued upon the faith of false material statements in respondent's application the motion to revoke and cancel the said certificate must be granted.

Motion granted.