Second Appellate Department, March, 1900. Reported. 49 App. Div. 84.

In the Matter of the Petition of FRANK TONATIO, Appellant, for an Order Revoking and Canceling the Liquor Tax Certificate Granted to ANGELO DEPERINO, Respondent.

Liquor tax certificate—A false answer in a first application, referred to in an application for a renewal, vitiates the latter.

Where a person who has procured a liquor tax certificate, by making a false answer to a question contained in the application therefor, refuses to answer a similar question contained in his application for a renewal

thereof, upon the ground that, under subdivision 8 of section 17 of the Liquor Tax Law (Laws of 1896, chap. 112, as amended by Laws of 1897, chap. 312), he was not obliged to answer that question twice, the false statement in the original application vitiates the certificate issued under the second application.

Appeal by the petitioner, Frank Tonatio, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 1st day of February, 1900, denying his motion to cancel liquor tax certificate No. 8,969 granted to Angelo Deperino.

*John J. Clancy* [*Henry Melville* with him on the brief], for the appellant.

*Alfred R. Page,* for the respondent.

Woodward, J. This proceeding was brought under the provisions of the Liquor Tax Law (Laws of 1896, chap. 112, § 28), as amended by section 19 of chapter 312 of the Laws of 1897, subdivision 2 of which provides that "any citizen of the State may present a verified petition to a justice of the Supreme Court, or a Special Term of the Supreme Court of the judicial district in which such traffic in liquors is authorized to be carried on, or in which the holder of such certificate resides   *   *   *   for an order revoking and canceling such certificate upon the ground that material statements in the application of the holder of such certificate were false, or that he was not entitled to receive or is not entitled, on account of the violation of any provisions of this law, conviction for which would cause a forfeiture of such certificate, or for any other reason, to hold such certificate.   *   *   *   If the justice or court is satisfied that material statements in the application of the holder of such certificate were false, or that the holder of such certificate was not entitled to receive, or is not entitled to hold such certificate, an order shall be granted revoking and canceling such certificate."

The proceeding was commenced by the service of an order to show cause, based upon the petition of Frank Tonatio, which alleged that on or about the 1st day of November, 1898, the respondent made his application statement in writing to the special deputy commissioner of excise for the borough of Brooklyn, wherein he stated that there were no buildings occu-

pied exclusively as dwellings within two hundred feet, measured in a straight line, of the nearest entrance of No. 9 Richardson street, the premises for which the certificate was sought. This statement is alleged to be untrue, for the reason that there were certain other buildings therein specified, which were alleged to have been at that time exclusively occupied as dwellings. The petition further alleges the compliance with the statutory requirements and the payment of the tax by the respondent, and that in reliance upon said statement liquor tax certificate No. 10,583 was, on or about the 12th day of November, 1898, issued to the respondent; " and, subsequently, by reason of the said verified statement and in reliance, as aforesaid, a certain other liquor tax certificate, No. 6,969, was on or about the first day of May, 1899, issued by the said Special Deputy Commissioner of Excise to " the respondent.

On the return day of the order an order of reference was made, and respondent filed an answer pursuant to said order, in which the allegation that the liquor tax certificate sought to be revoked was granted by reason of and in reliance upon the said statement was denied, and further, that the respondent had obtained and filed with the special deputy commissioner of excise the properly executed and acknowledged consent of more than two-thirds of the buildings alleged to be used exclusively as dwellings, the nearest entrance to which is within two hundred feet of No. 9 Richardson street. From the evidence taken before the referee it clearly appears that the respondent did make a false statement of a material fact in his original application; that, at the time of making the declaration required by subdivision 8 of section 17 of the Liquor Tax Law, as amended by section 10 of chapter 312 of the Laws of 1897, there were several such buildings, the nearest entrances of which were within two hundred feet, measured in a straight line, of the nearest entrance to the premises occupied by the respondent. It also appeared that in the declaration of the respondent, made upon the occasion of his application for the liquor tax certificate which is now sought to be canceled, he relied upon and specifically referred to his original declaration as the foundation for his right to the certificate now under consideration. Subdivision 8, referred to above, provides: " Whenever the consent required by this section shall have been obtained and filed as herein provided, unless the same be given for a limited term, no further or other consent for trafficking in liquor

on such premises shall be required, so long as such premises shall be continuously occupied for such traffic." When, on the occasion of the second application the respondent was asked questions bearing upon these points, he relied upon the previous application. It is admitted that no consents were filed as required by law until after the present proceeding was instituted, and on the 1st day of May, 1899, the respondent, in making the statement necessary to procure the certificate now under consideration, answered the questions submitted upon the blanks provided by the Excise Department, as follows:

16th question. "How many buildings occupied exclusively as dwellings are there, the nearest entrance to which is within two hundred feet, measured in a straight line, of the nearest entrance to the premises where the traffic in liquors is intended to be carried on?" Answer. "Renewal not required by law." (In the original statement he had answered "None.") 18th question. "Has the applicant attached hereto the consents required by section seventeen of said law?" Answer. "Not required by law." (In the original application he had answered "Yes.") 19th question (a). "If the applicant relies upon consents given heretofore, in what month and year and upon whose application statement were such consents filed?" Answer. "Application statement of applicant. Filed November 1, 1898." Question (b). "Do such consents given heretofore, together with those filed herewith, cover and relate to two-thirds of the above dwellings?" No answer.

With this state of facts before us we are unable to concur in the conclusion reached by the learned court below, that "The false application could not have been used to get the existing license. No part of the law to that effect is pointed out." Either the respondent had no right to the certificate by reason of his failure to show that the premises were not within the limits fixed by law, of buildings occupied exclusively as dwellings, or that he had the required consents, or else the original application was made use of in the procurement of the certificate. In either event the respondent was not entitled to the privileges secured by the liquor tax certificate.

It is plain that the respondent was proceeding under the provisions of the last clause of subdivision 8 of section 17 of the Liquor Tax Law as amended in 1897, and that the special deputy commissioner of excise understood that "no further or other

consent for trafficking in liquor on such premises " was required. The statement under which the present certificate was granted related back to the original declaration, and is merely a reassertion of the false statement of a material fact. It is an effort on the part of the respondent to gain rights under an original misrepresentation of material facts, and it should not receive the sanction of this court.

*Matter of Johnson* (18 Misc. Rep. 498) does not present a parallel case. There the respondent had in good faith procured the consents required by law, except that by an error in calculation he had only one-half instead of two-thirds of the owners of the buildings, and the error was corrected as soon as the matter was brought to his attention. The court, in the exercise of an equitable discretion, declined to revoke the license. In the case at bar there is an entire lack of evidence of good faith on the part of the respondent, who must have known the facts, and who made no effort to conform to the law until after the present proceeding was instituted.

The order appealed from should be reversed, with costs, and the liquor tax certificate should be revoked and canceled, and the appellant should be awarded costs in the several stages of the proceedings.

All concurred.

Order reversed, with ten dollars costs and disbursements, and application to revoke liquor tax certificate granted, with ten dollars costs.