(33 Misc. Rep. 243.)

PEOPLE ex rel. LAWTON v. LYMAN, State Commissioner of Excise, et al.

(Supreme Court, Special Term, New York County. December, 1900.)

1. LIQUOR CERTIFICATE—INVALIDITY—ASSIGNEE FOR VALUE—RIGHT TO REBATE.
   If the holder of a liquor tax certificate, to obtain it, swore falsely that he was not in prohibited class mentioned in section 23 of the liquor tax law, the certificate is at all times void, and neither he nor his assignee for value acquired any rights thereunder, and could not claim a rebate on its surrender, as provided by section 25.

2. SAME—APPLICANT FOR CERTIFICATE—CONVICTION OF FELONY—WHAT CONSTITUTES.
   A plea of guilty, followed by a suspension of sentence, amounts to a conviction, within section 23 of the liquor tax law, providing that no person convicted of a felony shall be authorized to sell liquors under a liquor tax certificate.

Motion for mandamus by the people, on the relation of Cassius M. Lawton, against Henry H. Lyman, as state commissioner of excise, and others. Denied.

Page & Eckley, for relator.

Royal R. Scott, for respondent Henry H. Lyman.

H. H. Kellogg, for respondent Geo. Hilliard.

FREEDMAN, J. This is a motion for a peremptory writ of mandamus directing the state commissioner of excise to prepare and transmit to the special deputy commissioner two orders for the payment of the rebate claimed to be due on liquor tax certificate No. 13,977, surrendered by the relator, as assignee of one Charles A. Niven, and directing the special deputy commissioner to pay the amount covered by the orders. The following facts are undisputed: On or about the 22d day of June, 1900, on application of one William J. Gilmartin, liquor tax certificate No. 13,977 was issued for the traffic in liquors at No. 209 West 125th street, in the city of New York, under subdivision 1 of section 2 of the liquor tax law. On or about the 2d day of July, 1900, William J. Gilmartin assigned such tax certificate to one Charles A. Niven, and Niven presented such certificate, with the petition for the transfer of the same, together with a new application and bond in form under the provisions of sections 17 and 18 of the liquor tax law, to George Hilliard, as spe-

cial deputy commissioner of excise for the boroughs of Manhattan
and the Bronx, and the said Hilliard indorsed the usual consent for
such transfer, and Niven paid the fee of $10, as provided by section
27 of the liquor tax law. Thereafter the said Niven transferred and
set over to the relator all of his right, title, and interest in and to
the rebate for the unearned portion of said liquor tax certificate, and
authorized the special deputy commissioner of excise, or other prop-
er officer, in the event of the surrender or cancellation at any time of
said certificate, to pay over to said relator the amount of the rebate
for the unexpired term thereof, and authorized the relator or his at-
torney to surrender said certificate for cancellation, and to execute,
acknowledge, and deliver all papers that might be necessary for the
purpose of effecting such surrender. On the 5th day of July, 1900,
Niven voluntarily ceased to traffic in liquor under the said certifi-
cate, and it is conceded that at that time no prosecution or action
was pending against him on account of any violation of the liquor
tax law. On the date last mentioned the certificate and a duly-ver-
ified petition, setting forth all the facts required to be shown on such
application and the assignment and power of attorney hereinbefore
referred to, were presented to the special tax commissioner of excise,
and payment of the said rebate to the relator was demanded. No
proceeding has ever been instituted for the cancellation of such cer-
tificate, nor has any action been commenced for any of the penalties
imposed by the liquor tax law, and more than 30 days have elapsed
since the surrender of such certificate. The state commissioner of
excise has refused to prepare two orders for the payment of such re-
bate, as required by section 25 of the liquor tax law, and the special
deputy commissioner of excise has failed to deliver to the relator
said orders, the reason being given therefor that William J. Gil-
martin, the person to whom the certificate was issued, was tried and
found guilty of receiving stolen goods to the amount of $1,000, in
the court of general sessions held in and for the county of New York
on the 6th day of May, 1890, and that sentence was suspended at the
time. The state commissioner of excise, in opposition to the mo-
tion, bases his refusal to sign the necessary orders for the payment
of the rebate upon two grounds: (1) That Gilmartin comes within
the class prohibited from trafficking in liquors by subdivision 1 of
section 23 of the liquor tax law, by reason of his having been con-
victed of a felony, and that for that reason he acquired no rights
under the tax certificate obtained by him which he could assign;
and (2) that the alleged transfer of the tax certificate from Gilmar-
tin to Niven was not bona fide, or for value.

In the application made by Gilmartin for the purpose of obtain-
ing the liquor tax certificate in question he swore that he was not
within any of the prohibited classes mentioned in section 23 of the
liquor tax law; or, in other words, that he had never been convicted
of a felony. In the case of People v. Murray, 149 N. Y. 367, 44 N.
E. 146, 32 L. R. A. 344, it was held by the court of appeals that the
liquor tax law (Laws 1896, c. 112) is not a "tax law" in the proper
sense, as it does not have for its primary purpose the raising of rev-
enue for the support of the government; but that it is a law enacted

under the police power, the exactions of which, although denominated taxes, are imposed for the primary purpose of regulating and controlling the liquor traffic; and that as such it is a general and constitutional state excise act. That being so, the courts have nothing to do with the policy or wisdom of the act, but must enforce it as they find it. Turning, then, to the act itself, including the amendments passed since the year 1896, it will be found upon a full examination of all of its provisions that, before the traffic in liquor becomes lawful under the act, a liquor tax certificate authorizing such traffic must be obtained and posted, pursuant to section 21, but that the mere payment of the excise tax of itself affords no protection. Scalzo v. Sackett, 30 Misc. Rep. 543, 63 N. Y. Supp. 820. A liquor tax certificate is merely a receipt for money paid, and its real import is only that of a voucher for the money paid for the excise tax, because the right to engage in the traffic is derivable, not from the certificate, but from the statute, and from the statements made in the application upon which the certificate is issued. Niles v. Mathusa, 162 N. Y. 546, 57 N. E. 184, affirming 20 App. Div. 483, 47 N. Y. Supp. 38, affirming 19 Misc. Rep. 96, 44 N. Y. Supp. 88; In re Barnard, 48 App. Div. 423, 63 N. Y. Supp. 255; Lyman v. Swartz, 41 App. Div. 624, 58 N. Y. Supp. 1144. The procurement of the certificate depends, not upon the favorable exercise of any officer's discretion, but upon the applicant's prima facie legal right to traffic in liquors as evidenced by the specifications of the application. If the application is correct in form, and does not show on the face thereof that the applicant is prohibited from trafficking in liquor under the subdivision of section 11 under which he applies, or at the place where the traffic is to be carried on, a liquor tax certificate must be issued thereon pursuant to section 19. Such certificate is issued upon the applicant's representations that the statements made in such application are true. In re Bridge, 36 App. Div. 533, 55 N. Y. Supp. 54, affirming 25 Misc. Rep. 213, 55 N. Y. Supp. 54; In re Harper, 30 Misc. Rep. 663, 64 N. Y. Supp. 524; In re Tonatio, 49 App. Div. 84, 63 N. Y. Supp. 560. And if any material statement so made is false, and the applicant is not entitled to traffic in liquor as specified in the application, the issuance of the certificate does not, as already shown, make the traffic in liquor thereunder lawful. Nor is it material whether the applicant intended to deceive the officer who issued the certificate or not, for his good faith avails him nothing if his statement is, in fact, untrue. In re Fall, 26 Misc. Rep. 611, 57 N. Y. Supp. 858, affirmed, without opinion, 39 App. Div. 671, 57 N. Y. Supp. 1144; In re Harper, 30 Misc. Rep. 663, 64 N. Y. Supp. 524. The policy of the act throughout is to make everything depend upon the truth of the statement of the applicant contained in the required application, and to punish him in case he makes a false statement. The making of a false statement is of itself a crime punishable under subdivision 2 of section 34. As a further, but civil, penalty, the liquor tax certificate issued upon the application, containing a false statement, may be revoked and canceled in a proceeding instituted under subdivision 2 of section 28. The policy referred to has even been carried into the provision of the statute which au-

thorizes the holder of a liquor tax certificate to surrender the same,. and to obtain a certain rebate. Section 25 of the act provides that, "if a person holding a liquor tax certificate and authorized to sell. liquors under the provisions of this act * * * cease to traffic," he may surrender the certificate, and obtain the rebate. Thus two things must concur: First, the person ceasing to traffic and applying for the rebate must hold a certificate and surrender it; and, second, he must be authorized to sell liquors under the provisions of the act, which means independently of the certificate, because the certificate, as already shown, is only a voucher for the money paid. The consequence is that, if the applicant for the rebate, though holding and surrendering a certificate, belonged to the prohibited class. defined by the statute when he obtained it, the certificate at all times. was null and void, and of no legal effect. That being so, even an assignee for value of such a certificate acquires no rights thereunder. The limitation or forfeiture of the rights of a certificate holder in a liquor tax certificate equally affects the rights of his assignees, who take it subject to the conditions and restrictions with which the holding of the same by the assignor was vested. People v. Lyman, 156 N. Y. 407, 50 N. E. 1112, affirming 27 App. Div. 527, 50 N. Y. Supp. 497; In re Bradley, 22 Misc. Rep. 301, 49 N. Y. Supp. 1100; In re Lyman, 26 Misc. Rep. 300, 56 N. Y. Supp. 1020; In re Michell, 41 App. Div. 271, 58 N. Y. Supp. 632.

For the reasons already stated it is not necessary to determine whether, in the case at bar, the alleged transfer of the certificate from Gilmartin to Niven was or was not bona fide, or for value; and the only remaining question is whether or not Gilmartin, on obtaining the certificate, made a material false statement in his application. He then and there swore that he was not within any of the prohibited classes mentioned in, section 23 of the liquor tax law. As matter of fact, it now appears that he had been indicted as a receiver of stolen goods, that he had pleaded guilty to such charge, and that his sentence had been suspended. If these facts amount to a conviction, he clearly fell within the prohibited class, for section 23 of the liquor tax law expressly provides that no person convicted of a felony shall be authorized to sell liquors. The relator strenuously contends that a plea of guilty to an indictment, followed by a suspension of sentence, is not equivalent to a conviction. I have carefully examined the authorities cited by the counsel for the relator in his brief upon this point, and am satisfied that they do not sustain his position. "When it is said there has been a 'conviction,' the meaning usually is, not that sentence has been pronounced, but only that the verdict has been returned." 7 Am. & Eng. Enc. Law (2d Ed.) 497. "Conviction may accrue in two ways, either by his confessing the offense and pleading guilty, or by his being found so by the verdict of his country." 4 Bl. Comm. 362. In People v. Goldstein, 32 Cal. 432, it was held that a plea of guilty, upon which no judgment was given, was nevertheless a conviction. Even in the case mainly relied upon by the relator, Mr. Justice Gray says:

"When the word 'conviction' is used to describe the effect of the guilt of the accused as judicially proved in one case when pleaded or given in evidence.

in another, it is sometimes used in a more comprehensive sense, including the judgment of the court upon the verdict or confession of guilt; but the meaning of 'conviction,' when used to designate a particular stage of a criminal prosecution triable by a jury, is the confession of the accused in open court, or the verdict rendered against him by the jury, which ascertains and publishes the fact of his guilt; while 'judgment' or 'sentence' is the appropriate word to denote the action of the court before which the trial is had declaring the consequences to the convict of the facts thus ascertained." Com. v. Lockwood, 109 Mass. 325.

See, also, In re Friedrich (C. C.) 51 Fed. 749.

In determining the strength of the relator's position, the intent of the statute must also be taken into consideration. The statute was intended to safeguard by law a traffic claimed to be conducive to pauperism and crime; to place it, so far as possible, in the hands of persons having at least a semblance of respectability, and free from the taint of criminality; and to control it by imposing severe penalties for violations of its provisions. In such a case I do not feel warranted in giving to the word "convicted" an interpretation or construction which is not usually accorded to it. Under the circumstances disclosed the conclusion is unavoidable that Gilmartin, a confessed felon, with the sentence of the court suspended, who stood excluded from trafficking in liquors by the express prohibition of the statute, and who obtained his liquor tax certificate by means of a false statement as to a material fact, is not entitled, either in person or by his assignees, to recover from the state the rebate or other relief asked for on this application. The motion must be denied, with costs.

Motion denied, with costs.