ANDREW JOHNSON *and another* v. ABRAHAM ACKERSON *and
others.*

In an action upon an undertaking given by a defendant in an action in a district
court, on its removal to the Common Pleas, under § 3 of the statute of 1857,
the condition of the undertaking being "to pay any amount that may be
awarded" by the latter court,—*Held*, on demurrer to the complaint, that it is
not necessary to aver either a consideration for the undertaking, a final termi-
nation of the original action, or a demand for payment.

The plaintiff is not bound to exhaust his remedies against the judgment debtor
before bringing suit upon the undertaking.

A statute permitting a defendant sued in a district court, on a demand exceeding

$100, to remove the cause, on motion and the giving of an undertaking, into the Court of Common Pleas, is not unconstitutional as impairing the obligation of a contract, or taking away a vested right.

In an action in this Court, it is not necessary that it should appear by the complaint that the defendant resides within the city and county of New York. It is sufficient, to give the court jurisdiction, that the defendant was served in that county.

APPEAL by the defendants from an order made at special term overruling a demurrer, and ordering judgment for the plaintiffs upon the complaint, with leave to plead, &c.

The facts fully appear in the opinion rendered below by

LARREMORE, J.—The plaintiffs, on the 6th of August, 1869, commenced an action, in one of the district courts of this city, against the defendant, Ackerson, for a claim exceeding $100. The defendant, after issue joined, and before trial, removed the action into this court, in pursuance of the Act passed April 13, 1857, and thereupon executed the undertaking upon which this action is brought. The complaint alleges the facts above stated, the execution of said undertaking by the defendants herein, whereby they, in consideration of the sum of $1, jointly and severally promise and agree that they will pay to the plaintiff "the amount of any judgment that may be awarded against the defendant, Ackerson, by the Court of Common Pleas." The complaint further alleges the trial of the action, and that judgment in said action was awarded to the plaintiff against the defendant (Ackerson) and duly entered in the office of the clerk of this court; that the amount thus awarded has not been paid, and demands judgment therefor. The defendants demur to the complaint: first, that it does not contain sufficient facts to constitute any cause for action ; second, that the court has no jurisdiction of the parties or of the subject matter of the action, and other grounds, which will appear in the examination of the case. The third subdivision of section 3 of the Act passed April 13th, 1857, entitled "An Act to reduce the several acts relating to the District Courts in the city of New York into one act," provides, that in any action commenced in pursuance of that section, when the claim on demand shall exceed the sum

of $100, upon the application of the defendant, the justice shall make an order removing the same at any time after issue joined, and before the trial of the same, into the Court of Common Pleas, upon the defendant executing to the plaintiff an undertaking, with sureties, to be approved by said justice, with the condition hereinbefore stated.

It was urged upon the argument, by defendant's counsel, that the section of the statute in question was unconstitutional; that the Legislature have no power to compel the giving of security upon a mere change of forum; that there was no consideration to support the undertaking; that no demand upon or after recovery is alleged; that it is not averred that the original action is fully terminated and not appealed from, and that the plaintiff was bound to exhaust his remedy against the judgment debtor, before bringing suit upon the undertaking.

The right of the Legislature to provide for and regulate the practice in the courts of the state is too well settled to require any extended examination of the question. The section of the statute above referred to affects the remedy only; it does not impair the obligation of a contract, or take away any vested right.

It appears from the complaint that the court has jurisdiction of the subject matter of the action, and it is unnecessary to aver that the defendants reside within the jurisdiction of the court, provided they are served with process therein. The removal of the action is at the election of the defendant. Such removal is not compulsory on his part, but having exercised his election, the requirements of the statute must be complied with. The undertaking in question was given in pursuance of a statute in the form and in a case prescribed therein, and as no demand is required by the terms of the instrument, no such averment is necessary. But if it were necessary, the commencement of the action is a sufficient demand. (*Slack* v. *Heath*, 4 E. D. Smith, 95; *Hyde* v. *Patterson*, 1 Abb. Pr. 248; *Heebner* v. *Townsend*, 8 Abb. Pr. 234.) There is a consideration expressed in the instrument, but even if such were not the case, it being a statutory undertaking, no expressed consideration is necessary to its validity, the statute creates the liability. (*Slack* v. *Heath*,

4 E. D. Smith, 95; *Thompson* v. *Blanchard*, 3 N. Y. 335; *Doolittle* v. *Dinning*, 31 N. Y. 350.) The condition of the undertaking is, " to pay any amount that may be awarded," and is an original obligation on the part of defendants which became absolute when the judgment was awarded. Following the authority of the cases above cited, it is apparent that the demurrer to the complaint in this action must be overruled, and judgment ordered for the plaintiffs therein, with leave to defendants to serve an answer within five days, on payment of costs.

From the order as entered, the defendants appealed to the general term.

*A. H. Reavey*, for appellants.

*George E. Horne*, for respondents.

*Per Curiam.**—Having nothing to add, we simply express our concurrence in the opinion delivered by the judge below in overruling the demurrer, and affirm the order.

Order affirmed.

---

* Present—Loew, J. F. Daly and Robinson, JJ.