(48 App. Div. 423.)

## In re SMITH et al.

(Supreme Court, Appellate Division, Third Department.  March 20, 1900.)

**1. LIQUOR LAW—CERTIFICATE—APPLICATION—FALSE STATEMENT.**

Application was made under Liquor Law, § 11, subd. 1, for a certificate authorizing traffic in intoxicating liquors in a town which, under the local option clause, had restricted such traffic to that conducted in connection with hotels. The application stated the applicant's intention of keeping a hotel, and of conducting such traffic in connection therewith, and that he had complied with section 31, defining "hotels." This statement was false, the applicant not becoming possessed of such a hotel until five weeks after the certificate was issued and after a proceeding was begun to revoke it. *Held*, that the subsequent acquirement of the hotel was no defense in such proceeding to the charge of making a false statement; the court, in determining the truth of such statements, being restricted to the time when the application was made.

**2. SAME—LOCAL OPTION—CERTIFICATE—APPLICATION—LICENSE.**

Liquor Law, § 16, subd. 4, requires a certified statement of the result of a vote under the local option clause to be filed with the county treasurer, and that no certificate authorizing traffic in intoxicating liquors shall be issued except in accordance with such vote. The town of K. limited such traffic to that conducted in connection with the hotel business. An application for a certificate to sell liquor therein declared the applicant's purpose to conduct such traffic in connection with a hotel, and a certificate was accordingly issued to him. *Held*, that the application and certificate must be construed together, as a license to traffic only in the field and to the extent declared in the application, though the certificate on its face authorized traffic in any of the various forms authorized by section 11, subd. 1, and though it was not shown, in a proceeding to revoke the certificate, that any vote under the local option clause had been had.

Appeal from special term.

Petition by George W. Smith and John Barnard for the revocation of a liquor tax certificate issued by the state commission of excise to Charles Rivers. From an order revoking the certificate, Rivers appeals. Affirmed.

Argued before PARKER, P. J., and HERRICK, MERWIN, SMITH, and KELLOGG, JJ.

R. O. Bascom (James M. Whitman, of counsel), for appellant.
A. D. Arnold, for respondents.

KELLOGG, J. The applicant, Charles Rivers, for a liquor tax certificate to be issued to him under the provisions of section 11 of subdivision 1 of the liquor tax law, made his application on the form provided by the state commissioner of excise, and furnished him by the county treasurer of Washington county, and this form was the form provided for applicants desiring to traffic in liquor in connection with a business of keeping a hotel in the town of Kingsbury. The tax certificate was issued to him. This certificate does not on its face restrict the holder to the traffic in liquor in connection with the business of keeping a hotel. It is in the form prescribed by the liquor tax law, and declares that it is issued under subdivision 1 of section 11. The order revoking the certificate pro-

ceeded upon the proof before the court, which seems to have established the fact that the applicant at the time of his application, and at the time the certificate was issued, was not possessed of a hotel answering the requirements of section 31 of the liquor tax law. The contention of the appellant is that because the applicant, some five weeks subsequently and after these proceedings were started, was possessed of a hotel answering such requirements, this ought to be taken as a sufficient compliance, and be treated as a sufficient defense to the charge of false statement in his application. I do not think the court has any discretion, but must judge of the truthfulness of the statement in the application as of the time when made and before the certificate is issued.

The applicant further contends that the certificate ought not to be revoked for the reason that on its face it does not restrict the applicant to the traffic in liquor in connection with the business of hotel keeping, but under it he may do any kind of business which subdivision 1 of section 11 contemplates may be done; that, because of the absence of proof before the court that the traffic in liquor in the town of Kingsbury had been restricted by vote had as prescribed by the local option clause of the liquor tax law, it must be presumed that there had been no restriction; and notwithstanding the applicant declared in his application his purpose to keep a hotel, and the traffic in liquor intended was to be connected with that business, still he could not be restricted to that. I think the learned counsel for the applicant is in error in this contention. The scheme of the liquor tax law is not difficult of discovery, and does not lead to complications of the nature suggested. The law provides for the issuance in one form of all certificates, but the certificate and the application have a very close relation. The law provides that the blank form of application shall be furnished by the commission of excise (section 15), and must be furnished to the applicant by the county treasurer (section 17); that, if the traffic is to be carried on in connection with the business of keeping a hotel, the application must contain a statement under oath that all requirements defining hotels have been complied with (subdivision 9, § 17); that the certified statement of the result of the vote under the local option clause must be filed with the county treasurer (subdivision 4, § 16); and that it shall not be lawful for the county treasurer or special deputy commissioner to issue any liquor tax certificate except in accordance with such vote. . It is thus made clear that the treasurer and the special deputy commission are provided in advance with the requisite information as to the character of the traffic permissible in any town in the county. And only on the statement in the application as to the character of the traffic intended by the applicant can the treasurer or special deputy know whether a certificate may be properly issued. This, it seems to me, shows the close relation of the certificate to the application; that the traffic must in all cases be confined to that particular line and character of traffic set forth in the application itself, and the application and certificate together must be interpreted to mean a license to the applicant to traffic in liquor only in the field and to

the extent declared in the application. For these reasons I think the order should be affirmed, with costs.

Order affirmed, with $10 costs and disbursements. All concur.