---

In re RYON.

(Supreme Court, Appellate Division, Third Department. June 30, 1903.)

1. LIQUOR TAX CERTIFICATE—APPLICATION—INTERPRETATION.
　　Under the liquor tax law, the character of the business to be carried on, to which a liquor tax certificate applies, is to be determined by the application; that statement and the certificate being interpreted together.

2. SAME—FALSE STATEMENTS.
　　Where an application for a liquor tax certificate stated that applicant intended to carry on a bona fide hotel on the premises, and that such building contained 10 rooms, each having at least 80 square feet of floor area, and at least 600 cubic feet of space therein, and it subsequently appeared that there were but seven rooms, the six largest of which had an average floor space of 60 feet and an average cubical contents of

423 feet, it sufficiently appeared that material statements in the application were false, so as to justify the revocation of the certificate.

3. SAME—EVIDENCE.

On a petition for the cancellation of a liquor tax certificate, evidence considered, and *held* to show violation of the liquor tax law, justifying the cancellation of the certificate.

Appeal from Ulster County Court.

Petition by Fred L. Ryon against John P. Auchmoody for the cancellation of a liquor tax certificate. From an order revoking and canceling the certificate (80 N. Y. Supp. 1114), respondent appeals. Affirmed.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

Brinnier & Searing (John W. Searing, of counsel), for appellant.

Charles F. Cantine, for respondent.

CHASE, J. On the 15th day of May, 1902, John P. Auchmoody made application for a liquor tax certificate, to traffic in liquors at a hotel in Clintondale, in the county of Ulster, in which application statements were made by him in the form of questions and answers,. included among which are the following:

"(20) Does the applicant intend to carry on a bona fide hotel on such premises? Yes."

"(25) Does such building contain at least ten bedrooms above the basement, exclusive of those occupied by the family and servants, each room properly furnished to accommodate lodgers, and separated by partitions at least three inches thick, extending from floor to ceiling, with independent access to each room by a door opening into a hallway, each room having a window or windows not less than eight square feet of surface, opening upon a street or open court, light shaft, or open air, and each having at least eighty square feet of floor area, and at least six hundred cubic feet of space therein? * * * No.

"(26) Does such hotel conform to all the requirements set forth in the statement last above, except that the number of bedrooms therein for guests is not less than six? * * * Yes."

A liquor tax certificate was prepared and issued to him by the county treasurer of the county of Ulster.

The particular character of the traffic in liquors is determined by the application. The application and certificate must be interpreted together. Matter of Barnard, 48 App. Div. 423, 63 N. Y. Supp. 255; Matter of Cullinan, 39 Misc. Rep. 646, 80 N. Y. Supp. 626.

On or about the 30th day of August, 1902, Fred L. Ryon, a citizen of the state of New York, commenced this proceeding to have said liquor tax certificate revoked and canceled on the grounds therein stated, among which were that material statements in the application of the holder of such certificate were false, and that provisions of the liquor tax law had been violated at the place designated in said certificate as the place where such traffic was to be carried on by Auchmoody. The grounds were stated in the petition in detail.

There were and are seven bedrooms in the applicant's building, exclusive of those occupied by his family and servants. These rooms were measured by special agents appointed by the State Commissioner

of Excise, in the presence of Auchmoody, and there is no controversy about their size, floor surface, and area being as follows:

| Room. | Length. | Width. | Height. | ° Sq. Ft. | Cu. Ft. |
|---|---|---|---|---|---|
| 1 | 7:10 | · 6:10 | 7:2 | 53 | 383 |
| 2 | 7:10 | 6:10 | 7:2 | 53 | 383 |
| 3 | 7:10 | 6:10 | 7:2 | 53 | 383 |
| 4 | 6:10 | 9:3 | 7:2 | 63 | 453 |
| 5 | 6:10 | 7:5 | 7:2 | 50 | 363 |
| 6 | 9:7 | 7:10 | 7 | 75 | 525 |
| 7 | 7:7 | 7:10 | 7 (sloping ceiling) | 59 | 372 |

Not one of the rooms has the floor area or contains the number of cubic feet of space required by the statute, or as stated in the application. The average floor space of the six largest rooms is 60 feet, and the average cubical contents 423 feet. The statement of the applicant in regard to the rooms was neither technically nor substantially true. As bearing upon the good faith of the applicant in obtaining what is commonly known as a "hotel license," it appeared that in July his register of guests consisted of a slip of paper. It was produced at the request of said special agents, and it contained but two names. Auchmoody stated that they were guests of the hotel, and no claim was made by him that the hotel had entertained any other guests since it opened. Witnesses were produced who testified that on Sunday, May 25, 1902, the windows of the room in which liquor was sold and kept for sale were wholly covered by screens, curtains, and shades. Witnesses were also produced who testified that said windows were not covered by screens, curtains, and shades on that day, but the county judge found that all the material allegations contained in the petition were true.

The findings that material statements in the application were false, and that the applicant had violated the liquor tax law (Laws 1896, p. 45, c. 112), as stated, are sustained by the evidence; and the order should be affirmed, with costs. All concur.