(128 App. Div. 870.)

## PEOPLE v. PETTIT.

### In re PETTIT.

(Supreme Court, Appellate Division, Second Department.   November 27, 1908.)

INTOXICATING LIQUORS (§ 106*) — LIQUOR TAX CERTIFICATE—CANCELLATION—FALSE STATEMENT IN APPLICATION.

Material statements in the application for a liquor tax certificate are false, requiring cancellation of the certificate; Laws 1896, p. 60, c. 112, § 17, subd. 5, as amended by Laws 1900, p. 849, c. 367, requiring the application to state how many dwellings there are, the nearest entrance to which is within 200 feet of the nearest entrance to the premises where the liquor business is intended to be carried on; subdivision 8 requiring the filing,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

with the application, of the consents of two-thirds of the owners of the dwellings, the nearest entrance to which is within 200 feet of the entrance of the proposed licensed place; and applicant not mentioning a dwelling the entrance of which was, as he knew, within 200 feet of the then entrance of his place, but more than that distance from the entrance he then proposed to make, and which he afterwards made.

[Ed. Note.—For other cases, see Intoxicating Liquors, Dec. Dig. § 106.*]

Appeal from Special Term, Kings County.

Application for an order revoking and cancelling a certificate of license for traffic in liquor issued to Samuel Pettit. From such an order, said Pettit appeals. Affirmed.

Argued before WOODWARD, JENKS, GAYNOR, RICH, and MILLER, JJ.

Hugo Hirsh, for appellant.
Robert Stewart, for respondents.

WOODWARD, J. This special proceeding was instituted to cancel a liquor tax certificate under the provisions of chapter 112, p. 45, of the Laws of 1896, upon the ground that "material statements in the application of the holder of such certificate were false." Section 17, subd. 5, of the liquor tax law (as amended by Laws 1900, p. 849, c. 367), requires the applicant to state "how many buildings occupied exclusively as dwellings there are, the nearest entrance to which is within two hundred feet measured in a straight line of the nearest entrance to the premises where the traffic in liquors is intended to be carried on," and subdivision 8 requires that where the entrance of any such proposed licensed place is within 200 feet, in a straight line, of the nearest entrance to a building or buildings occupied exclusively for a dwelling, there shall also be filed simultaneously with such statement the consents of at least two-thirds of the owners of such buildings, etc. There was evidence in the case sufficient to establish the fact that at the time this application was made the nearest entrance of the dwelling house at 446 Grand avenue was within less than 200 feet from the nearest entrance of the premises at No. 1011 Fulton street, where the certificate was designed to operate; but it is urged on the part of the defendant that the entrance from which this measurement was made was subsequently closed, and that a new entrance was made, which entrance was more than 200 feet away, and that this was sufficient compliance with the statute to warrant the exclusion of this dwelling from the statement, and thus reduce the number of consents necessary.

It is conceded that this subsequent change was made for the purpose of excluding this dwelling house from the calculation, and the case does not show that the owner of the dwelling house may not have likewise changed his entrance. But whether or not this is true is beside the question. The statute requires a true statement of the material facts as they exist at the time of the making of the application, and while this court would not permit the cancellation of a certificate for some incidental matter which was in good faith in process of cor-

rection at the time of making the application, where the statute requires a statement of the number of dwelling houses within a certain distance to be stated, and consents to be filed of a majority of the owners of such dwelling houses, it is not a compliance with the statute to intend to make changes in the entrances of the licensed place to exclude a dwelling house which is in fact at the time within the territory contemplated by the statute. The law requires a true statement of the material facts as they exist at the time, not what they may be at some subsequent time, and it places the burden of making this statement upon the applicant, who is bound to know the truth. The applicant in this case undoubtedly did know the truth, for it appears that he directed the measurements to be made from the place where he intended to make a new entrance, in abandoning the old, and he took his certificate with this defect in its title, and he now has no reason to complain at the result of the special proceeding. This is the doctrine laid down in Matter of Barnard, 48 App. Div. 423, 63 N. Y. Supp. 255, and is not inconsistent with the view of this court expressed in Matter of Purdy, 40 App. Div. 133, 57 N. Y. Supp. 629.

There are other matters involved in this case which it does not seem necessary to discuss or determine, in view of the conclusion which we have reached upon the exclusion of the dwelling house above considered from the statement made by the defendant in his application.

The order appealed from should be affirmed, with costs.

Order affirmed, with $10 costs and disbursements. All concur.