### FARLEY, State Excise Com'r, v. SCHERNO et al.

(Supreme Court, Appellate Division, Third Department.   November 15, 1911.)

INTOXICATING LIQUORS (§ 87*)—ACTION ON BOND—ESTOPPEL.

>The state issued a liquor tax certificate, relying on the recital in the application that applicant desired to sell liquors in a designated building owned by his wife. Thereafter an action was brought on applicant's bond, on the premises becoming a disorderly house. *Held*, that applicant was estopped to set up as a defense that the property belonged in fee to, the United States, and was occupied as a military post, so as to deprive the state court of jurisdiction.

>[Ed. Note.—For other cases, see Intoxicating .Liquors, Dec. Dig. § 87.*]

Appeal from Trial Term, Clinton County.

Action by William Farley, as State Commissioner of Excise, against Antonio Scherno and another. From a judgment for plaintiff, rendered by the court without a jury, defendants appeal. Affirmed.

Argued before SMITH, P. J., and KELLOGG, SEWELL, HOUGHTON, and BETTS, JJ.

John E. Judge, for appellants.
A. M. Sperry, for respondent.

HOUGHTON, J. The action is to recover the penalty prescribed by a bond given upon the issuing of a liquor tax certificate, on the ground that the certificate holder allowed the premises to become disorderly. An amendment of plaintiff's complaint was made upon the trial, to which the defendants did not object, and in which they acquiesced, and with this amendment it was alleged that the defendant Scherno filed with the county treasurer of Clinton county an application for the purpose of obtaining a liquor tax certificate, in which.he stated that he desired to traffic in liquors at No. 8 United States avenue in the city of Plattsburgh, on premises known as Scherno's Hotel, owned by his wife, Mary, and that with such application he presented the usual bond, executed by the defendant the Fidelity & Casualty Company of New York, conditioned that he would not violate any of the provisions of the liquor tax law, and that there was no material false statement in the application for such liquor tax certificate. It was further alleged that he violated the conditions of the bond by permitting the premises to become disorderly,. lewd, and obscene, and maintained a disorderly house and public resort for lewd women, and that the statement that the premises belonged to his wife, Mary, was false.

The defendants answered, admitting the giving of the bond, denying that the premises had become disorderly, and alleging that the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

premises for which the liquor tax certificate was granted belonged in fee, not to the wife of Scherno, but to the United States of America, and was occupied as a military reservation and post, known as the "Plattsburgh Barracks." On the hearing before the court, for the purpose of the trial, the defendant admitted that he maintained a disorderly house as alleged in the complaint. Thereupon the plaintiff moved for judgment on the pleadings and admissions, which motion was granted.

The defendants now insist that the bond which they gave was a nullity, because the state excise commissioner, through the county treasurer of Clinton county, had no right to grant a liquor tax certificate to Scherno to sell intoxicating liquors upon premises belonging to the United States, and, not having the right to grant any such certificate, the bond which was given in consideration of its issuance was void and of no effect.

We are of opinion this contention is unsound. The state of New York gave its consent to the purchase by the United States of land not exceeding 1,000 acres, which afterwards became known as the "Plattsburgh Barracks," and ceded jurisdiction thereof to the federal government as long as it should continue to own such land, reserving only the right to serve civil and criminal process, by chapter 18 of the Laws of 1890. It was a crime by the law of the state of New York to sell liquor in quantities less than five gallons, without a license, when such cession was granted.

Congress has prescribed how certain enumerated crimes committed within forts, dockyards, and places throughout the country under the exclusive jurisdiction of the United States shall be tried and punished; but selling liquor contrary to the excise laws of a state, and the keeping of a disorderly house, are not amongst them. R. S. U. S. §§ 5339–5391 (U. S. Comp. St. 1901, pp. 3627–3652). Section 5391 provides that if any offense shall be committed in any place which has been ceded to and is under the jurisdiction of the United States, not prohibited or the punishment provided for by any law of the United States, such offense shall be liable to and receive the same punishment as the laws of the state in which such place is situated shall provide. The only legislation by Congress on the subject is that provided by Act Feb. 2, 1901, c. 192, § 38, 31 Stat. 758 (U. S. Comp. St. 1901, p. 804), by which the sale of liquors upon premises used by the United States for military purposes is prohibited, and it is directed the Secretary of War shall carry its provisions into effect without declaring its violation to be a crime.

Of course, the state of New York had no right to grant a liquor tax certificate for the sale of liquors upon lands belonging to the United States. Our attention has not been called to any act of Congress ceding back to the state of New York jurisdiction over offenses against the excise law or the keeping of a disorderly house, and it would seem that she was powerless to punish an offender for illegally selling liquor on the premises in question. But, whether the state had any power to so punish or not, we think the defendant Scherno and his surety cannot be heard to say that the premises for which the liq-

uor tax certificate was issued belonged to the United States, and not to the wife of Scherno, as stated in the application for such certificate.

It must be assumed that the certificate which Scherno applied for was to protect him in the trafficking of liquors, and was issued upon the faith of the statements made in his application, and on the assumption that they were true. The state having acted upon such statements and issued its certificate, neither the applicant nor his surety can be heard to say that such statements were false. The bond recites that the defendant Scherno was about to apply for a liquor tax certificate authorizing him to traffic in liquors at Scherno's Hotel, No. 8 United States avenue, in the city of Plattsburgh, and the condition of the bond was that no material false statement was made in the application, and that Scherno would not permit the premises to become disorderly. Parties to an action may waive the formalities of the statute in a statutory proceeding, and in such case the sureties to the undertaking are bound by the waiver and are estopped from questioning the recitals in the undertaking, and this although they had no knowledge of the facts that the proceedings were not to be taken and the undertaking used in the manner prescribed by the statute. Harrison v. Wilkin, 69 N. Y. 412. Where one signs an undertaking in proceedings against a husband for the abandonment of his wife, he cannot be heard to say that the parties were never married. Commissioners of Charity v. O'Rourke, 34 Hun, 349. Whether under the former excise law the excise commissioners had the right to demand a bond upon the issuing of a saloon license or not, it was held that, a bond having been given, the sureties could not dispute its validity. People ex rel. Meakim v. Eckman, 63 Hun, 209, 18 N. Y. Supp. 654. Where a surety signed a bond of a corporation applying for a liquor tax certificate, it was held to be estopped from denying that the corporation was legally organized. Lyman v. Gramercy Club, 39 App. Div. 661, 57 N. Y. Supp. 376. The same principle was applied by this department in proceedings to revoke a liquor tax certificate. Matter of Barnard, 48 App. Div. 423, 63 N. Y. Supp. 255.

As the complaint was finally amended without objection, a material false statement in the application was pleaded. The statement that Mrs. Scherno owned the premises, when in fact, as the defendant now claims, the United States owned them, was material, and upon the defendant's own confession and plea such statement was false. The condition of the bond was therefore broken, and the amount stipulated to be paid had become due, irrespective of whether the keeping of a disorderly house was a forfeiture or not.

It follows that the judgment was right, and should be affirmed, with costs. All concur; KELLOGG, J., in result in memorandum.

JOHN M. KELLOGG, J. (concurring in result). By section 5391 of the United States Revised Statutes the federal courts enforce upon territory ceded to it within a state the police laws of the state as to acts which under state laws are criminal and for which the United States statutes prescribe no punishment. If Scherno had not obtained a certificate, he would have been punishable in the United States courts

for selling liquor; with the certificate he was not punishable, as the act was in violation of no law of the state, and the federal government imposed no penalty for the sale. He undoubtedly obtained the certificate for this very protection, and it answered the purpose for which it was obtained. Therefore he cannot urge that there was no consideration for the bond upon which it issued.