WILLIAM W. FARLEY, as State Commissioner of Excise, Respondent, *v.* ANTONIO SCHERNO et al., Appellants.

**Excise — state has no power to license traffic in liquors on lands sold or ceded to the United States government.**

When the state has given its consent to the purchase of lands by the United States the legislative power of Congress over the lands purchased is exclusive. The state has no power to license the traffic in liquors on such premises. A liquor tax certificate is, therefore, a nullity, and furnishes no consideration for a bond conditioned that the premises shall not be allowed to become disorderly. (*Metropolitan Life Insurance Co.* v. *Bender*, 124 N. Y. 47, distinguished.) *Farley* v. *Scherno*, 147 App. Div. 375, reversed.

(Argued April 3, 1913; decided April 22, 1913.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered December 8, 1911, affirming a judgment in favor of plaintiff entered upon a decision of the court at a Trial Term without a jury.

The nature of the action and the facts, so far as material, are stated in the opinion.

*John E. Judge* and *Lucius A. Waldo* for appellants. The trial court had no jurisdiction of the action or to render the judgment herein. (U. S. Const. art. 1, § 8; *Fort Leavenworth R. R. Co.* v. *Low*, 114 U. S. 264; *Commonwealth* v. *Clary*, 8 Mass. 72.) The bond in suit was illegal, void and a nullity in its inception. (*M. L. Ins. Co.* v. *Corey*, 135 N. Y. 334; *Veeder* v. *Mudgett*, 95 N. Y. 310; *Lyman* v. *Schermerhorn*, 167 N. Y. 113; *People ex rel.* v. *Higgins*, 151 N. Y. 570; *Lyman* v. *Cane*, 67 N. Y. Supp. 1065; *Mittnacht* v. *Kellermann*, 105 N. Y. 467.) Any sale of liquors upon the premises for which the certificate was granted would be unlawful with or without the certificate in question. (U. S. R. S. chap. 192, § 38.)

No estoppel could work against defendants asserting the invalidity of the undertaking because an undertaking is not a deed within the rules as to estoppel. (*Talcott* v. *Belding*, 4 J. & S. 84; *Dezell* v. *Odell*, 3 Hill, 225.) The consideration (the right to traffic in liquors) and object in view were impossible, so the bond was void and cannot be legally enforced. (1 Keener on Cont. 97–99.) The bond is part of the contract and defendant cannot be estopped from showing that the whole bond is invalid — notwithstanding any particular statements in it. The bond was void in its creation. (*Bell* v. *Leggett*, 7 N. Y. 183.) If there was originally no consideration there was no contract and that there was no contract may always be shown. (Brown on Parol Ev. 43; *Ward* v. *Stohl*, 81 N. Y. 406.)

*Louis M. King* and *A. M. Sperry* for respondent. The bond in suit was not illegal and void and was not a nullity in its inception. (*Harrison* v. *Wilkin*, 69 N. Y. 412; *Commissioners of Charity* v. *O'Rourke*, 34 Hun, 349; *People ex rel. Meekin* v. *Eckman*, 63 Hun, 209; *Lyman* v. *Gramercy Club*, 39 App. Div. 661; *Lyman* v. *Bruckner*, 26 Misc. Rep. 597.) The county treasurer, who is the certificate issuing officer under the Liquor Tax Law, was bound to issue the certificate in question to Scherno. (*Matter of Wellman* v. *Blase*, 3 Liquor Tax Rep. 517; *People ex rel. Belden Club* v. *Hilliard*, 28 App. Div. 140; *Matter of Bridge* v. *Mohrmann*, 36 App. Div. 533; *Matter of Tonatio* v. *Deperino*, 49 App. Div. 84.) The defendants are bound by the application statement. (*Matter of Clement* v. *Briggs*, 53 Misc. Rep. 358; *Matter of Bernard* v. *Rivers*, 48 App. Div. 423; *Matter of Deuel* v. *Smith*, 59 Misc. Rep. 618; *Matter of Cullinan* v. *Eustace*, 39 Misc. Rep. 646.) The judgment granted by the trial court was proper by reason of the material false statements in the application statement and should, therefore, be affirmed. (*Lyman* v. *Schermerhorn*, 167

N. Y. 113; *People ex rel. Ochs* v. *Hilliard,* 81 App. Div.
71; *Cullinan* v. *O'Connor,* 100 App. Div. 142.)

MILLER, J. This is an action to recover the penalty of
a bond given on the issuing of a liquor tax certificate to
the appellant Scherno, on the ground that there had been
a breach of the condition of the bond in that he had
allowed the premises to become disorderly and had made
a material false statement in his application for the cer-
tificate in stating that the premises belonged to his wife,
and that he might lawfully carry on a traffic in liquors
thereon. The defense is that there was no consideration
for the bond for the reason that the premises for which
the certificate was issued formed a part of the military
reservation and post known as the "Plattsburgh Bar-
racks" of the United States of America. The facts are
not in dispute and were found by the court.

The state having given its consent to the purchase by the
United States (see Laws of 1890, chap. 18), the legislative
power of Congress over the lands purchased is exclusive.
(*Commonwealth* v. *Clary,* 8 Mass. 72; *Fort Leavenworth
Railroad Company* v. *Lowe,* 114 U. S. 525.) The state
had no power to license the traffic in liquors on said
premises, even if Congress had not expressly prohibited
it, as it has. (U. S. Statutes at Large, 1901, Sec. 38, chap.
192.) The liquor tax certificate was, therefore, a nullity
and furnished no consideration for the bond.

It has been ruled below that the defendants are estopped
by statements in the application to deny that the traffic
in liquors could lawfully be carried on on said premises.
But the case lacks one of the essential elements of an
estoppel. The state has lost nothing in reliance upon the
statements in the application. Indeed, it has received
the license tax. *Metropolitan Life Insurance Company*
v. *Bender* (124 N. Y. 47) is a typical case of an estoppel
arising from a recital in a bond. The recital was that the
bond was executed under seal. It was executed by the

obligor and delivered by him to the person interested in having it accepted, who attached a seal and delivered it to the obligee, who accepted and acted upon it on the supposition that it had been executed under seal. I cite that case to mark the distinction between it and a case like this in which no possible loss could have been sustained by the obligee in reliance upon the alleged false statement.

It is suggested, however, that, although the liquor tax certificate gave the holder no right to traffic in liquors on the premises in question, it still protected him from a criminal prosecution in the United States courts under section 5391 of the United States Compiled Statutes, which provides that "if any offense shall be committed in any place which has been or may hereafter be ceded to and under the jurisdiction of the United States, which offense is not prohibited or the punishment thereof is not specially provided for by any law of the United States, such offense shall be liable to, and receive, the same punishment as the laws of the state in which said place is situated, now in force, provide for the like offense when committed within the jurisdiction of such state." But as the state cannot license the sale of liquors on a government reservation over which the jurisdiction of Congress is exclusive, the lawfulness of such sale thereon is not affected by the question whether the state has granted a license therefor. The act having been prohibited and no punishment specifically provided, it may be that the offender might be punished in the United States courts the same as he might be punished in the state courts for an unlawful sale of liquor on lands within the jurisdiction of the state. That question is not before us, and, in any event, it is plain that the liquor tax certificate granted in this case would furnish the appellant Scherno no defense to such a prosecution.

The judgments of the Appellate Division and of the trial court should be reversed and the complaint dismissed, with costs in all the courts.

CUDDEBACK, J. (dissenting). The defendant Antonio Scherno applied to the county treasurer of Clinton county for a liquor tax certificate under section 15 of the Liquor Tax Law. The law requires the application to contain a description of the place where the traffic in liquors is to be carried on and a statement that the applicant " may lawfully carry on such traffic in liquors upon such premises." The application described certain premises and said that they were owned by Scherno's wife and that he might lawfully traffic in liquors thereon.

That statement was false. The premises are a part of the Plattsburgh barracks, a military post of the United States, whereon the traffic in liquors is unlawful.

The defendant, the Fidelity & Casualty Company, became the surety on the bond given to accompany the application as required by section 16 of the Liquor Tax Law. The bond was conditioned, among other things, that there was "no material false statement in the application statement for said liquor tax certificate," and also that the applicant would not suffer or permit the place designated in the liquor tax certificate to become disorderly.

The county treasurer issued to Scherno the certificate applied for. Thereafter, and for nearly the full term covered by the certificate, Scherno did in fact traffic in liquors at the place mentioned therein and ran a house of ill-fame.

This action is brought against Scherno and his surety for a violation of the condition of the bond that Scherno would not permit the premises mentioned in the liquor tax certificate to become disorderly. The surety has interposed as a defense that the liquor tax certificate was void for the reason that the state could not grant Scherno permission to traffic in liquors upon a military post of the United States, and that, therefore, the bond was without consideration.

I think the question of consideration does not enter

18

into the case at all. "For a statutory undertaking no consideration is necessary." (*Thompson* v. *Blanchard,* 3 N. Y. 335; *Bildersee* v. *Aden,* 62 Barb. 175; *Post* v. *Doremus,* 60 N. Y. 371, 375; *Livingston* v. *Hammer,* 7 Bosw. 670, 677; *Johnson* v. *Ackerson,* 3 Daly, 430; *Gein* v. *Little,* 43 Misc. Rep. 421, 424.) It is sufficient that Scherno attained the object for which the bond was given.

The cause of action set forth in the complaint is that Scherno violated the condition of the bond by keeping a disorderly house — not that he made material false statements in the application. The facts showing that the statements in the application were false appear from the answer of the surety as a defense to the bond. The Appellate Division was clearly right in saying that the surety in the bond was estopped from setting up this defense. (*Farley* v. *Scherno,* 147 App. Div. 375.)

It makes no particular difference that the United States was the owner of the premises mentioned in the application. The result would have been the same though they were owned by any person other than the one mentioned in the application, if the owner's consent to the traffic in liquors had not been obtained. The law required Scherno to show that he had such consent and in that regard the statements in the application were false. This was a plain violation of the express condition of the bond and it seems absurd that it should be considered as a defense in determining the liability of the obligors for the breach of their undertaking in another respect.

I recommend that the judgment appealed from be affirmed, with costs.

CULLEN, Ch. J., WILLARD BARTLETT, HISCOCK, CHASE and HOGAN, JJ., concur with MILLER, J.; CUDDEBACK, J., reads dissenting opinion.

Judgment reversed, etc.