(86 Misc. Rep. 75)

FARLEY, State Excise Com'r, v. APRILE et al.

(Supreme Court, Trial Term, Livingston County.    June 20, 1914.)

1. INTOXICATING LIQUORS (§ 86*)—LIQUOR TAX CERTIFICATE—BREACH OF BOND.

A false statement in an application for a liquor tax certificate as to the number of houses used exclusively for residence purposes within 300 feet of the proposed place for selling liquor, not willfully made, is not a breach of applicant's bond.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. § 89; Dec. Dig. § 86.*]

2. INTOXICATING LIQUORS (§ 64*)—LIQUOR TAX CERTIFICATES—APPLICATION.

A liquor tax certificate should not be issued, except on an application that is correct in form and that complies with the law.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. § 64; Dec. Dig. § 64.*]

3. INTOXICATING LIQUORS (§ 64*)—LIQUOR TAX CERTIFICATES—INVALIDITY— LIABILITY ON BOND.

An application for a liquor tax certificate, which states that there are five dwellings within 300 feet of the proposed saloon, while only three consents are attached to the application, shows on its face a failure to obtain the necessary consents; and a liquor tax certificate issued thereon is void, and an action cannot be maintained on the bond.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. § 64; Dec. Dig. § 64.*]

Action by William W. Farley, as State Commissioner of Excise, against Antonio Aprile and another, to recover penalty under a liquor tax bond.    Judgment of dismissal.

A. M. Sperry, of Albany (M. E. Rigney, of Rochester, of counsel), for plaintiff.

Charles D. Newton, of Geneseo, for defendants.

CLARK, J.    This action was brought by the state commissioner of excise to recover the penalty under a bond executed by defendants, when there was issued to defendant Aprile a liquor tax certificate, by the treasurer of Livingston county.    On the trial a jury was waived, and at the conclusion of plaintiff's case motion to dismiss the complaint, on the ground that plaintiff had not established a cause of action, was made, and decision was reserved pending filing of briefs by counsel.

The plaintiff brings this action, alleging that in his application for a liquor tax certificate defendant Aprile made several false statements; the principal one being that he stated that there were but five dwellings within 300 feet of the place where he proposed to traffic in liq-

uors, whereas there were nine places within such distance used exclusively as dwellings. On the trial it was conceded by defendants that at the time the application for a liquor tax certificate was made there were six houses used exclusively for residence purposes within 300 feet of the place where liquor was to be sold, but defendants contend that the statements in the application were not material false statements.

[1] In view of the concession made on the trial by defendants, it is clear that the statements in the application that there were only five buildings used exclusively as dwellings within 300 feet of the proposed saloon were not true; but it cannot be said that such statements were willfully made by defendant Aprile, or that he intentionally and willfully misstated the facts, and in the absence of some proof that would justify a finding that such statements were willfully made, they not being deemed material statements, a court would hardly be justified in canceling the certificate issued by the county treasurer, and such immaterial statements, if untrue, would not furnish a sufficient reason for bringing an action on the bond, for, if there were not willful misstatements of material facts in the application, there has been no breach of the bond. Matter of Kessler, 163 N. Y. 205, 57 N. E. 402.

[2, 3] Without considering the apparant inconsistencies in the Liquor Tax Law with reference to the distances saloons must be from buildings occupied exclusively as dwellings—whether an applicant must state the number of such dwellings within 200 or 300 feet of the proposed saloon—it seems to me that the plaintiff must fail in this action under the authority of Farley v. Scherno, 208 N. Y. 269, 101 N. E. 891, 47 L. R. A. (N. S.) 1031, which is deemed to be controlling in the case at bar. There the action was brought to recover the penalty of a bond given where a liquor tax certificate was issued to the defendant, because, as it was claimed, he had made false statements in his application to the effect that the premises belonged to his wife, whereas they blonged to the United States government. The court held that the certificate was invalid and void, for the reason that no consideration was furnished for the bond sued upon; the certificate having been issued for the sale of liquor on premises belonging to the government, and where the state authorities could not authorize liquor to be sold.

A liquor tax certificate should not be issued, except on an application that is correct in form and that complies with the law. On the face of this application it showed plainly that the required number of consents had not been obtained, for it stated that there were five dwellings within 300 feet of the proposed saloon, whereas only three consents were attached to the application, so the necessary number of consents (two-thirds) had not been obtained. Under the circumstances as established by the evidence in this case, it must be held that the liquor tax certificate issued to defendant Aprile on an application which on its face showed that the necessary number of consents had not been obtained was invalid and void, and, that being so, no consideration was furnished for the bond, and consequently this action cannot be maintained. Farley v. Scherno, supra.

Judgment is therefore directed, dismissing the complaint, with costs.