KATHRYN G. KIMBALL, as Administratrix, etc., Respondent, v. THE NEW YORK CENTRAL RAILROAD COMPANY, Appellant.— Judgment and order affirmed, with costs. All concurred.

HARRY L. VOGT, Appellant, v. HARRY M. CHAMPLIN, Respondent.— Judgment affirmed, with costs. All concurred, except De Angelis, J., who dissented.

QUINCY VAN VOORHIS, Appellant, v. ANNA H. THOMPSON and Another, Respondents.— Judgment and order affirmed, with costs. All concurred.

BERNARD R. SHIELDS and Another, Respondents, v. RAYMOND M. NORTON and Others, Appellants.— Judgment and order affirmed, with costs. All concurred; De Angelis, J., not sitting.

WILLIAM W. FARLEY, as State Commissioner of Excise of the State of New York, Appellant, v. ANTONIO APRILE and Another, Respondents.— Judgment affirmed, with costs, on the authority of Farley v. Scherno (208 N. Y. 269). All concurred.

ANNE C. H. NYLAND, as Administrator, etc., Respondent, v. THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, Appellant.— Judgment and order affirmed, with costs. All concurred, except Merrell and De Angelis, JJ., who dissented upon the ground that it affirmatively appears that plaintiff's intestate was guilty of contributory negligence.

MARGARET MCBRIDE, Respondent, v. THE R. T. FORD COMPANY, Appellant.— Judgment and order affirmed, with costs. All concurred.

MARY E. DE MUN, Respondent, v. WILLIAM HIRSH, Appellant.— Judgment and order reversed and new trial granted, with costs to appellant to abide event. The reversal is upon the ground that the verdict is against the weight of the evidence upon the question of defendant's negligence, and particularly upon the finding that there was, at the point where plaintiff fell, any undue accumulation of ice upon the sidewalk as the result of any act or neglect of defendant in causing water to flow upon the walk at that place. All concurred.

BENJAMIN H. CLEMENT, as Trustee of REYNOLDS VALVE COMPANY, INC., Appellant, v. EDWARD S. OSBORNE, Respondent.— Judgment and order affirmed, with costs. All concurred.

ETHEL SCHAFFRON, Respondent, v. MARY KRAFT, Appellant.— Judgment of Special Term and judgment of City Court reversed, with costs in all courts to appellant. Held, that at the time of the accident the driver of defendant's moving van was not acting within the scope of his employment, and was not engaged in his employer's service, and hence the defendant is not liable for any negligence of which the driver may have been guilty. All concurred.